(July 8, 1919.)

## STATE, Respondent, v. TONY RAPONI, Appellant.

[182 Pac. 855.]

CRIMINAL LAW—RIGHT TO WITHDRAW PLEA OF GUILTY AFTER JUDGMENT —DISCRETION OF COURT.

1.   C. L., sec. 7757, which provides that "the court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted," does not prohibit the granting of a motion after judgment to withdraw a plea of guilty and substitute a plea of not guilty where the application therefor is based upon the fact that the plea of guilty was not made freely and voluntarily nor with understanding of the nature of the act of defendant in making the plea.

2.   Permission to withdraw a plea of guilty is discretionary with the trial court, and such discretion should be liberally exercised.

3.   A refusal of permission to withdraw a plea of guilty and substitute therefor a plea of not guilty can be reviewed only as to the question of whether the trial court exercised judicial discretion as distinguished from arbitrary action.

4.   Where on an appeal from an order denying a defendant permission to withdraw his plea of guilty and substitute a plea of not guilty the record does not affirmatively show an abuse of discretion, the order of the trial court will be affirmed.

APPEAL from the District Court of the Second Judicial District, for Latah County.   Hon. Edgar C. Steele, Judge.

Criminal prosecution for having possession of intoxicating liquor.   From an order denying defendant's application to

set aside judgment and allow substitution of plea of not guilty for plea of guilty, theretofore entered, defendant appeals. *Affirmed.*

A. L. Morgan, for Appellant.

A plea of guilty must be entirely voluntary and one entered through ignorance is not voluntary. (12 Cyc. 353 (IV) ; *People v. McCrory,* 41 Cal. 458; *Gardner v. People,* 106 Ill. 76.) A plea of guilty can only be made by one competent to know and understand the consequences thereof. (8 R. C. L. 115, sec. 83.)

Where no harm can result and no rights of the state be violated thereby, a plea of guilty should be permitted to be withdrawn. In no case should this right be denied, where it is evident that the ends of justice will be subserved by permitting the plea of guilty to be withdrawn. (*State v. Nicholas,* 46 Mont. 470, 128 Pac. 543; *City of Salina v. Cooper,* 45 Kan. 12, 25 Pac. 233; *State v. Allen,* 41 Wash. 63, 82 Pac. 1036; *Pope v. State,* 56 Fla. 81, 16 Ann. Cas. 972, 47 So. 487; *Krolage v. People,* 224 Ill. 456, 8 Ann. Cas. 235, 79 N. E. 570.)

If there is sufficient showing to raise a doubt as to the plea being voluntary, it should be set aside. (*People v. Scott,* 59 Cal. 341.) Where on the arraignment the judge fails to fully advise defendant of his rights to counsel, the plea of guilty should be set aside upon application. (*State v. Allen,* 41 Wash. 63, 82 Pac. 1036.)

Roy L. Black, Attorney General, and Alfred F. Stone, Assistant, for Respondent.

Sec. 7757, C. L., limits the time within which an application for withdrawal of a plea of guilty may be made, and such application, when not made prior to judgment, is too late and must be denied. (*State v. Scott,* 101 Wash. 199, 172 Pac. 234; *Beatty v. Roberts,* 125 Iowa, 619, 101 N. W. 462; *State v. Hortman,* 122 Iowa, 104, 97 N. W. 981.) The same rule is followed, though no statute appears to be relied on, in *Stokes v. State,* 122 Ark. 56, 182 S. W. 521; *State v. Shanley,* 38 W. Va. 516, 18 S. E. 734. The contrary is, however, held in

California. (*People v. Perez,* 9 Cal. App. 265, 98 Pac. 870; *People v. Montano* (Cal. App.), 98 Pac. 871.)

The presumption is in favor of the ruling of the trial court, and unless it clearly appears that it has abused its discretion in refusing permission to a defendant to withdraw a plea of guilty, the order refusing such permission will not be disturbed on appeal. (*People v. Dabner,* 153 Cal. 398, 403, 95 Pac. 880; *People v. Bostic,* 167 Cal. 754, 141 Pac. 380; *State v. Shanley, supra.*)

In order to constitute an abuse of discretion upon the part of a trial court in refusing to allow defendant's application to withdraw a plea of guilty and substitute therefor a plea of not guilty, it must appear that the plea of guilty was entered under some mistake, misapprehension, compulsion, inducement or circumstance working an injustice. (*State v. Stevenson,* 67 W. Va. 553, 68 S. E. 286; *Sanders v. State,* 18 Ga. App. 786, 90 S. E. 728; *State v. Wilmot,* 95 Wash. 326, 163 Pac. 742.)

FLYNN, District Judge.—Defendant, appellant here, was arrested on the charge of having in his possession intoxicating liquor, and was taken before the probate court, where he stated that he did not want an attorney, waived preliminary hearing, and was bound over to the district court. An information was there filed charging him with having in his possession "intoxicating liquor, to-wit: Dago Red." He was arraigned, and on being asked by the district judge if he wanted an attorney, replied that he did not. Thereupon he pleaded guilty, and was sentenced to pay a fine of four hundred dollars, and to serve thirty days in the county jail, and two hundred days additional in default of payment of the fine, or until such fine be paid at the rate of two dollars per day. All the foregoing court proceedings occurred on the same day. Seven days thereafter appellant moved the court to vacate and set aside its judgment, for the reason that he did not intend to plead guilty, and did not know that he was so pleading; that he was not guilty, and that prior to and at the time of said judgment he desired, and now desires, to defend against said action. After considering the affidavit of

appellant and oral testimony in support of and in opposition thereto, the district judge denied the motion, from which order this appeal is taken.

Appellant is an Italian, and claims to have only a slight knowledge of the English language. His affidavit and testimony set forth that at the time of his arrest friends advised him that it would not be necessary for him to procure an attorney immediately on coming to Moscow, as he would only be given a hearing and placed under bond to appear for trial later; that at the time he appeared before the court he understood that such appearance and the proceedings thereat were merely for the purpose of fixing such bond; that the reason he stated to the court that he did not desire counsel was that he understood he would be admitted to bail, and it was his intention to thereafter see an attorney and arrange for his defense; that after his sentence he thought he was being held until he could furnish bail in the sum of $400, and that he made numerous efforts to get the sheriff to reduce his bail, believing that the sheriff had authority to do so. He admits possession of the barrel of liquid found in his house, but denies that it is intoxicating liquor. From the statements of appellant and of the sheriff, the barrel appears to contain raisins and water. The sheriff and his deputy testify that, at the time of his arrest, appellant claimed the barrel, and further stated, "if there is any fine to pay, I pay it." From the testimony of the sheriff and other witnesses, as well as from the testimony of appellant himself, it appears that he was fairly familiar with the English language. He had been at least ten years in Latah county. His application rests mainly on the claim that he confused the words "bail" or "bond" with the word "fine."

It is difficult to determine from the appellant's testimony whether or not this claim is made in good faith. He states that he expected to pay a fine and that he never expected to come back again. After his sentence, he stated, in the presence of the sheriff and his deputy, that he would have paid $25 fine, but he thought the other was too much.

On the hearing of the motion to set aside the judgment, he testified that he understood from the prosecuting attorney that the three hundred dollar bond for his appearance, fixed by the probate court, would be reduced, "but when I found out it was too late—I had $400 to pay." He had claimed that this three hundred dollar bond was too much, and that he thought the prosecuting attorney and the judge would have a meeting and reduce it.

C. L., sec. 7757, provides that "the court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." The state contends that under this law an application to withdraw a plea of guilty when not made prior to judgment comes too late, and must be denied. (*State v. Scott,* 101 Wash. 199, 172 Pac. 234; *Beatty v. Roberts,* 125 Iowa, 619, 101 N. W. 462; *State v. Hortman,* 122 Iowa, 104, 97 N. W. 981.)

In these cases, under statutes similar to ours, it is held that the application to withdraw a plea of guilty must be made before judgment. In *State v. Scott, supra,* the court held that if the motion can be entertained at all, it must be under Rem. Code, sec. 464 et seq., authorizing the modification or vacation of judgments within one year after their final entry, under which statutes the same liberal exercise of discretion, vested in the trial court by Rem. Code, sec. 2111, does not exist, but the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits.

All the proceedings in this action were crowded into one day. In this there was no irregularity, but viewed in connection with the statement of the case heretofore made, it is manifest that there was scant opportunity to withdraw the plea of guilty before judgment was pronounced. If we should hold that a plea of guilty can be withdrawn only before judgment, there would be no chance for relief to any defendant, who has been sentenced on a plea of guilty, no matter what were the circumstances under which the plea was entered. Of course,

such application to change the plea necessarily includes the setting aside of the judgment as a prerequisite. We are of the opinion that C. L., sec. 7757, does not prohibit the granting of a motion after judgment to withdraw a plea of guilty and substitute a plea, of not guilty, where the application therefor is based on the fact that the plea of guilty was not made freely and voluntarily nor with understanding of the nature of the act of defendant in making the plea. Where it is found by the court that the plea of guilty was not voluntarily and intelligently made, the motion should be granted on the theory that a plea of guilty obtained through duress, fraud, undue influence or without understanding its true import, is in reality not a plea of guilty and will not support a judgment of conviction. (*Sanders v. State,* 85 Ind. 318, 44 Am. Rep. 29; *People v. Perez,* 9 Cal. App. 265, 98 Pac. 870; *State v. Coston,* 113 La. 717, 37 So. 619.)

The correct rule as to permitting withdrawal of a plea of guilty is that the matter is discretionary with the trial court, that the discretion should be liberally exercised, and that a refusal of such permission can be reviewed only as to the question of whether the trial court has exercised judicial discretion as distinguished from arbitrary action. (*State v. Cimini,* 53 Wash. 268, 101 Pac. 891; *State v. Wilmot,* 95 Wash. 326, 163 Pac. 742; 8 R. C. L., p. 111, sec. 77.)

Discretion, in this sense, means the court's power to decide the particular matter before it according to its sense of justice and fitness, a power which, however, can only be exercised in accordance with the law, or with equitable principles, as the case may be. (2 R. C. L., p. 212, sec. 176.)

The question of the power or right to grant the motion after judgment does not appear to have been raised in the lower court. The facts on which the motion was based were fully presented by affidavit and oral testimony. The sole question before the trial court on this motion was whether the plea was entered voluntarily and understandingly. While the record leaves us in doubt as to whether the plea of guilty was voluntarily and understandingly made, we are not convinced that the court should have found otherwise on the record, or

that it abused its discretion in denying the motion, and we feel that we should be so convinced before disturbing the decision. (*Richards v. Richards*, 24 Ida. 87, 132 Pac. 576.)

The order is therefore affirmed.

Rice and Budge, JJ., concur.