PEOPLE *v.* PYRROS.

1. CRIMINAL LAW—APPEAL—SERVICE OF SENTENCE.
   Where a defendant in a criminal prosecution fails to appeal or even attempt to do so before sentence imposed has been fully served, no legal remedy is available to him.

2. SAME—SENTENCE AS ON ENTIRETY.
   A sentence for crime must be given in its entirety.

3. SAME—ACCEPTANCE OF ENTIRE SENTENCE—APPEAL.
   A person upon whom a sentence for crime is imposed must accept all of the sentence or appeal in a manner provided by law in such cases.

4. SAME—DRUNK DRIVING—ACCEPTANCE OF SENTENCE—APPEAL.
   Where defendant who was convicted of drunk driving and sentenced to pay a fine of $100 or serve a 30-day jail term and was also placed on probation for 90 days, paid the fine imposed, he thereby accepted all of the sentence and left nothing to appeal from even during period of probation, hence further proceedings are purposeless and moot.

5. APPEAL AND ERROR—MOOT QUESTIONS—SUPREME COURT.
   The Supreme Court does not review moot questions.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 15, 1948. (Docket No. 91, Calendar No. 43,996.) Decided December 17, 1948. Rehearing denied February 28, 1949.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am. Jur., Appeal and Error, § 232.
[1, 4] Payment of fine, serving sentence, or discharge on habeas corpus, as waiver of right to review conviction. 18 A.L.R. 867; 74 A.L.R. 638.
[4] 2 Am. Jur., Appeal and Error, § 231.
[5] 2 Am. Jur., Appeal and Error, § 152.

John Pyrros was convicted of driving while under the influence of intoxicating liquor. Appeal to circuit court dismissed. Defendant appeals. Affirmed.

*Robert A. Acchione,* for appellant.

*Dale H. Fillmore,* Dearborn Corporation Counsel, and *Frank C. McCann,* Assistant Corporation Counsel, for the people.

SHARPE, J. On January 7, 1947, defendant was tried and convicted in the Dearborn municipal court of drunk driving. Upon conviction, he was sentenced to pay a fine of $100 or serve 30 days in jail. He was also placed on probation for 3 months and his driver's license recommended suspended for 3 months. Defendant paid the fine imposed and on January 14, 1947, filed an appeal to the Wayne circuit court.

On February 26, 1947, the city of Dearborn by its assistant corporation counsel filed a motion to dismiss defendant's appeal for the following reasons:

"1. Because the judgment of conviction of the lower court that defendant pay a fine of $100 or serve 30 days in the Wayne county jail, plus 3 months probation and the recommendation by the court that defendant's license be suspended for a period of 3 months had been satisfied when defendant voluntarily paid said fine and affirmatively accepted the probation.

"2. Because by the voluntary payment of said fine and defendant's affirmative acceptance of probation, there exists nothing to appeal from.

"3. Because further proceedings in this case would be purposeless, there being only a moot question involved."

On June 23, 1947, the trial judge entered an order dismissing defendant's appeal. Leave having been obtained, defendant appealed the cause to the Supreme Court. He urges that a criminal conviction wherein the court orders 90 days probation plus a fine of $100 or in the alternative 30 days of confinement is not a final judgment; and that defendant has a right of appeal during the period of probation.

In *People* v. *Leavitt,* 41 Mich. 470, defendant was convicted of having violated a city ordinance. He satisfied the judgment by paying his fine. We there said:

"He voluntarily submitted to the conviction and discharged the entire penalty without the award of process.  *  *  *

"Nothing remained in which the plaintiff could have legal interest or anything which could be affected practically by any judgment on certiorari."

In *McCarthy* v. *Wayne Circuit Judge,* 294 Mich. 368, plaintiff McCarthy was sentenced for contempt of court. He served the jail sentence and sought to review the sentence in the Supreme Court. We there said:

"Plaintiff's failure to appeal or even attempt to appeal before the sentence imposed in the contempt proceeding had been fully served produced a situation wherein no legal remedy is available to him. The contempt proceeding which plaintiff seeks to review is wholly moot, and further consideration thereof by this Court should not be indulged."

It is the policy of the law that a sentence must be given in its entirety. See *People* v. *Felker,* 61 Mich. 110. A person upon whom a sentence is imposed must accept all of the sentence or appeal in a manner provided by law in such cases. Defendant, by having paid the fine imposed, thereby accepted all of the sentence. In such a situation there is nothing to ap-

peal from and further proceedings are purposeless and moot. We do not review moot questions.

The order of the trial court dismissing defendant's appeal is affirmed.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.