220 P.2d 380

**STATE v. LAWRENCE et al.**

No. 7609.

Supreme Court of Idaho.

June 27, 1950.

Estes & Felton, Moscow, for appellants.

Felix S. Cohen, Washington, D. C., Edward G. Rosenheim, Boise, amici curiæ.

Robert E. Smylie, Atty. Gen., J. M. O'-Donnell, Pros. Atty., Moscow, for respondent.

GIVENS, Justice.

An information was filed in District Court October 11, 1949, reciting: that a criminal complaint was filed in the Probate Court of Latah County October 10 charging appellants with the crime of grand larceny by the theft of one sheep October 8; a preliminary examination there waived on the evening of the 10th; and appellants bound over for trial.

Arraignment was had in the District Court on October 11, the minutes of the Court showing: that appellants were advised by the Court of their right to counsel; that each stated he did not wish an attorney; each waived additional time in which to plead; respectively pleaded guilty; waived further time for sentence; and

were immediately sentenced to fourteen years in the penitentiary.

October 22, appellants filed a joint motion to set aside the judgment and permit the withdrawal of the pleas of guilty. Appellants' motion was supported by their affidavits and the affidavit of their counsel, who had been secured by the father of one of appellants October 19, stating that appellants were misled into waiving their legal right to counsel; that their education is slight and, except for Rickman, they were unfamiliar with legal procedure; that Rickman had had experience in criminal prosecutions involving traffic violations; that they have a good and valid defense to the charge; that they did not understand the meaning of the words "felony" and "grand larceny"; and were influenced to plead guilty. Also, that the events leading up to the acquisition of the sheep were in substance as follows: the four appellants, celebrating the birth of Avery Wishtoken's child, started from DeSmet, Idaho, to Tekoa, Washington, to get baby clothes and presents and there secured liquor and beer; that at Kendrick, Idaho, they became intoxicated; that near Juliaetta they chased a sheep which was on the highway, caught it and placed it in the trunk of their car, and then proceeded to Spalding, where they were refused additional beer; and, causing a commotion and disturbance, were ejected and later arrested at Lewiston, which arrest they were then advised, and thought, was in connection with the disturbance at Spalding; that they had forgotten about the sheep, which was discovered in the trunk by members of the Sheriff's office in Lewiston, Sunday, October 9, and returned to its owner; and, whereupon, the foregoing prosecution ensued.

The motion came on for hearing in open court October 31. Oral evidence, as material, was given by the Deputy Clerk of the District Court, the Prosecuting Attorney, and the learned District Judge, as to what took place at the time of the arraignment, the Prosecutor stating as follows: "These men were brought into Latah County by the Deputy Sheriff of Latah County, and I was informed I must be present at the arraignment before the Probate Judge at the Sheriff's office in the evening. The Probate Judge read the charge and the Complaint to the defendants and informed them of what the arraignment was about. He stated that the purpose of the arraignment was to ask them whether they wished a preliminary examination or not. Then I spoke up and said to the boys, "Do you understand that?", and I explained to them what a preliminary examination was and I also volunteered the information that they could not plead either guilty or not guilty in the Probate Court. After glancing at each other and saying a word or two, the boys said individually that they waived preliminary examination. Then, as I rose from my seat and reached for my hat after the hearing was over, I said these words: 'I think the boys did exactly right. They

surely won't hang them for one sheep. They are fortunate in appearing before as lenient a judge as we have in the State.' Those are my remarks."

The District Judge made this statement: "When these defendants were brought into court for arraignment I asked them, told them that they had been informed against under their various names and asked them whether or not that was their true name. I at that time stated to them that they had been informed against under those names and that the charge was a felony. Later on, when they had been advised fully as to their rights to counsel and time to plead, I again stated to them that it was a serious matter and asked them if they wanted counsel and they conferred among themselves and stated that they did not. I then questioned each one of them individually as to whether or not they wanted counsel and again they conferred and stated that they did not. Then Mr. O'Donnell suggested that possibly, being Indians, I should appoint someone to look into the case. At that time I told them that these Indians knew exactly what was going on and what the proceedings were about, and that if they had made up their minds that they didn't want an attorney, certainly I was not going to employ one for them. That is as near as I can recall the words at that time. I did say that I was thoroughly acquainted with In-dian defendants and that there was no question that each of them knew exactly what was going on."

No other, further or independent inquiries or investigations were made as to appellants' background or circumstances of the case or antecedent conditions.

The appeal herein is from the Order denying the motion to set aside the pleas of guilty.

■ While it is discretionary with the trial court to permit a plea of guilty to be withdrawn, and only abuse of discretion justifies reversal, and the burden is on movant to prove such abuse, such discretion is to be liberally exercised. State v. Raponi, 32 Idaho 368, 182 P. 855. The record shows only that appellants were advised of their right to counsel; that the charge against them was a serious one, a felony, and was a penitentiary offense. It likewise appears they were told by the Prosecutor, "They surely won't hang them for one sheep. They are fortunate in appearing before as lenient a judge as we have in the State."

While the remark as to not hanging was correct, since the punishment for grand larceny is one to fourteen years, Section 18-4606, I.C., and may have been semi-facetious, the apparent and only evident purpose of the remark was to induce appellants to plead guilty on the theory they

would be accorded leniency. The record does not disclose they were advised of the necessary constituent elements of grand larceny, an essential one being intent to deprive the owner of his property, State v. Basinger, 46 Idaho 775, 271 P. 325; People v. Cannon, 77 Cal.App.2d 409, 176 P.2d 409; Jones v. State, 83 Okl.Cr. 358, 177 P.2d 148, 52 C.J.S., Larceny, § 27, p. 821, which must exist at the time of the taking, State v. Riggs, 8 Idaho 630, 70 P. 947; and the effect intoxication may have on intent, Section 18-116, I.C.; nor does the record show they were advised of their right to apply for parole or suspension of sentence, Section 19-2601, I.C.

Sentence for grand larceny is fixed by statute, hence the sentence pronounced was not excessive nor out of line with what was told appellants on arraignment, but the record does not disclose, and appellants and their affidavits affirmatively state, they were not advised as to their rights underlying and preceding plea and, perforce, preceding sentence. True, all persons are presumed to know the law, but we cannot disregard the idea contained in Section 19-1512, I.C., i. e., that a defendant charged with felony has a right to counsel if he wishes, which presupposes counsel may aid with his superior knowledge of the intricacies of substantive law and procedure. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, at 1465-1466, 146 A.L.R. 357.

Appellants' motion to set aside the pleas of guilty was timely made and without undue delay and no factual showing of any kind was interposed by the State traversing their statements in their affidavits with regard to their unfamiliarity with criminal procedure and their lack of complete and advised understanding of the nature of their arraignment and what their full legal rights were at that time and before plea. The record leaves us more than in doubt as to whether appellants understood the consequences of pleading guilty in connection with their declination of a lawyer, because not fully and advisedly understanding what the services of counsel might avail them. The matter of sentence is one thing; protection and assertion of legal rights leading up to sentence, another; and the latter are as, if not more, important and vital than the former. People v. McGarvy, 61 Cal.App.2d 557, 142 P.2d 92 at page 95.

"Perhaps no one of the many circumstances shown and relied upon would be, nor might many of them when disassociated from the others be, sufficient to warrant us in setting aside the discretion of the trial court. * * * In view of all the showing made, we are convinced that a liberal exercise of discretion should have prompted the lower court to permit the plea to be withdrawn, * * *." State v. Poglianich, 43 Idaho 409, at page 424, 252 P. 177, at page 181.

"The court in exercise of its discretion will permit one accused to substitute a plea

of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." Cases. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, at page 583, 71 L.Ed. 1009 at page 1012.

Broader issues have been urged for our consideration, but the above sufficiently disposes of the matter.

We are not holding that a defendant, though without counsel, may not irrevocably plead guilty, Foster v. People of State of Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L. Ed. 1955; Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172; but that the record herein requires that in the exercise of sound, but liberal discretion, appellants should have been allowed to withdraw their pleas of guilty. Sloan v. State, 54 Okl.Cr. 324, 20 P.2d 917; State v. Brown, 33 N.M. 98, 263 P. 502; LaFave v. State, 233 Wis. 432, 289 N.W. 670, at page 673; Pittman v. State, 198 Miss. 797, 23 So.2d 685, at page 686.

In State v. Arnold, 39 Idaho 589, 229 P. 748, the accused was represented by counsel; therefore, it is not in point. Likewise as to State v. Peterson, 42 Idaho 785, 248 P. 12.

The Order, denying the motion to set aside the judgment and permit a withdrawal of the pleas of guilty, is reversed, and the cause is remanded for further proceedings.

HOLDEN, C. J., and PORTER, TAYLOR, and KEETON, JJ., concur.