335 P.2d 340

STATE of Idaho, Plaintiff-Respondent,

v.

Forrest H. PEFLEY, Defendant-Appellant.

No. 8622.

Supreme Court of Idaho.

Feb. 4, 1959.

C. Robert Yost, Caldwell, for appellant.

Frank L. Benson, Atty. Gen., Wm. Edward Swope, Asst. Atty. Gen., for respondent.

PORTER, Chief Justice.

On May 28, 1957, appellant was arrested and taken before a justice of the peace in Canyon County upon a charge of driving a motor vehicle upon the highways of the State of Idaho while under the influence of intoxicating liquor. Appellant entered a plea of guilty to the charge and was sentenced by the justice of the peace to serve thirty days in jail and was fined $200 and costs. The confinement of thirty days was suspended without condition and the fine immediately paid. Appellant was released and the case marked "closed".

On May 31, 1957, an order was made by the Department of Law Enforcement revoking the automobile driver's license of appellant for a period of one year.

Appellant thereafter appealed from such judgment of conviction in the justice court to the district court in and for Canyon County. Respondent moved the court to dismiss such appeal upon the ground that appellant had voluntarily paid the fine imposed and fully satisfied the judgment of conviction and thereby waived his right to appeal. The motion to dismiss such appeal · was accompanied by an affidavit of the justice of the peace as to the proceedings in the justice court. Appellant filed his

counter-affidavit alleging that he was persuaded by the misadvice of the justice of the peace to enter a plea of guilty in the justice court. The allegations in appellant's counter-affidavit are denied by a second affidavit on the part of the justice of the peace. The district court, after a hearing, ruled against appellant's contention that he was wrongfully induced to enter a plea of guilty, granted respondent's motion to dismiss the appeal and entered a judgment of dismissal. From such judgment, appellant has appealed to this court.

The brief of appellant does not contain a distinct enumeration of assignments of error as required by Rule 41 of the Appellate Rules of the Supreme Court. However, appellant's brief sets out two questions which appellant contends reflect the issues to be decided in this case and discusses such issues in his brief. We have concluded to consider and pass upon such issues. State v. Powell, 71 Idaho 131, 227 P.2d 582. Such questions are set out in appellant's brief as follows:

"1. Whether or not the Judgment in the lower court, that is the Justice Court, was fully executed in this case prior to the filing and perfecting of the appeal by the defendant to the District Court.

"2. Whether or not a Defendant may appeal to the District Court from the Justice Court after he has entered a plea of guilty and after he has paid a fine which was the only Judgment entered, providing that he properly perfect his appeal pursuant to chapter 39 of Title 19 of the Idaho Code."

We will consider such questions in the inverse order. The issue before the court under Question No. 2 is not whether a defendant may appeal to the district court from the judgment of the justice court after he has entered a plea of guilty. The issue is, may a defendant appeal from the judgment of the justice court to the district court after he has fully satisfied the judgment by the voluntary payment of the fine imposed upon him? Respondent does not contend that a defendant does not have the right to appeal from a judgment entered upon a plea of guilty but contends that a defendant *waives* such right to appeal when he satisfies the judgment by the voluntary payment of the fine imposed.

While there are cases to the contrary, according to the great weight of authority, where a defendant in a criminal case satisfies in full the judgment against him by voluntarily paying the fine imposed upon him, he waives his right to appeal. Annotation, 18 A.L.R. 867; Annotation, 74 A.L.R. 638; 22 C.J.S. Criminal Law § 390, p. 577; 24 C.J.S. Criminal Law § 1668, p. 267; State v. Pray, 30 Nev. 206, 94 P. 218; State v. Cohen, 45 Nev. 266, 201 P. 1027, 18 A.L.R. 864; People v. Pyrros, 323 Mich. 329, 35 N.W.

2d 281; State v. Schreiber, 5 W.W.Harr. 424, 35 Del. 424, 166 A. 669; Washington v. Cleland, 49 Or. 12, 88 P. 305; McFarland v. Hunt, 79 Idaho 262, 313 P.2d 1076.

In State v. Cohen, supra, the court was considering the question of the waiver of the right to appeal by the voluntary satisfaction of the judgment. The court said [201 P. 1028]:

> "While there are cases to the contrary, the weight of authority is to the effect that an appeal or writ of error will be dismissed when there has been a voluntary payment by the defendant of the fine imposed."

The court in such case further held that after the satisfaction of a judgment, there was nothing on which a judgment of the appellate court could act effectively; that if a judgment be reversed the defendant could not recover a fine paid; that the matter became moot; and that a satisfaction of a judgment by the voluntary payment of a fine constituted a waiver of the right to appeal.

In People v. Pyrros, 323 Mich. 329, 35 N.W.2d 281, the appellant was convicted in municipal court of "drunk driving" and sentenced to pay a fine of $100, and it was recommended that his driver's license be suspended for three months. The defendant paid the fine and thereafter filed an appeal to the circuit court. The People moved to dismiss defendant's appeal on the ground that defendant had voluntarily paid his fine and satisfied the judgment. The dismissal of such appeal by the circuit court was upheld by the Supreme Court of Michigan upon the ground that in such a situation there is nothing to appeal from and further proceedings are moot.

Under his Question No. 1, appellant contends that the judgment of the justice court was not fully satisfied prior to the filing of his appeal for the reason that the order revoking his driver's license for a period of one year had not been fully executed prior to the appeal. The order in question revoking appellant's driver's license for a period of one year is an order of the Department of Law Enforcement required by § 49–1102, I.C., to be entered by the Commissioner of Law Enforcement as against any person convicted of driving while under the influence of intoxicating liquor. Such order is not an order of the justice court and does not appear in the proceedings of the justice court. It is not an unsatisfied part of the justice court judgment. Its existence does not prevent the voluntary payment by appellant of the fine imposed upon him from becoming a waiver of the right to appeal. People v. Pyrros, supra.

The two issues raised by appellant on this appeal are considered and discussed in State v. Schreiber, 5 W.W.Harr. 424,

35 Del. 424, 166 A. 669. In that case the accused pleaded guilty to the charge of driving an automobile while intoxicated and voluntarily paid the fine and costs. He thereafter appealed. The State moved to dismiss the appeal on the ground that by paying the fine and costs the defendant had waived his right of appeal. The appellate court, in granting the motion to dismiss the appeal, stated:

"The defendant voluntarily paid the fine and costs imposed on him by reason of his plea of guilty and has, therefore, waived his right of appeal in this case. [Citing Cases]

"Conceding that there may be some cases that have adopted a contrary rule [Citing Cases] they do not represent the weight of authority, or, as I view it, the most reasonable view of the matter.

"The defendant points out that under the Motor Vehicle Act (Sections 66, 81), the revocation of a driver's license automatically follows a conviction of driving while intoxicated and contends that he has the right to clear himself of that stigma. But it is not even contended that that is a part of the sentence imposed by the lower court."

The judgment of dismissal of the trial court is affirmed.

TAYLOR, SMITH, KNUDSON and McQUADE, JJ., concur.