VÍCTOR MANUEL LEBRÓN PÉREZ, Petitioner and Appellant, v. WARDEN OF DISTRICT JAIL OF HUMACAO, Respondent and Appellee.

No. AP-64-14.          Decided December 18, 1964.

*Elizabeth Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant as well as the Solicitor General has requested the reversal of the judgment rendered by the Superior Court, Humacao Part, on February 24, 1964, dismissing a petition for habeas corpus instituted by said appellant questioning the legality of his recommitment after having been serving on parole the following sentences:

1—Sentence of May 1, 1961, attempt to commit burglary in the first degree, one to three years in the penitentiary.

2—Sentence of one year in jail for burglary in the second degree rendered on August 17, 1961.

3—Sentence of one to four years in the penitentiary for burglary in the first degree rendered December 12, 1961.

On October 16, 1962 when he had already served the longest minimum term of these three sentences, the Parole Board granted him parole and he was released on November 6 of the same year.

There was at that last date an appeal pending in this Court from the sentence imposed on him on December 12, 1961 for the offense of burglary in the first degree. On December 5, 1963 we affirmed said sentence. On January 28, 1964 he was incarcerated again by virtue of an order entered by the Superior Court, Humacao Part, to comply with the judgment affirmed by this Court. Next day the Board agreed to set aside its order of October 16 granting the parole on the ground that it had granted it without jurisdiction.

Appellant instituted a petition for habeas corpus in the Superior Court, Humacao Part. Subsequent to the issuance of the writ and after holding a hearing, said petition was denied. The trial court decided: "If the petitioner appealed from the judgment rendered against him in criminal cause G-61-170, which judgment was affirmed by the Supreme Court on December 5, 1963, it is evident that the Parole Board lacked authority, power and jurisdiction to grant the benefits established by law to a person who, having been convicted of felony, had, by his own actions, given cause to stay the execution of the sentence while an appellate court determined whether or not said sentence was legal or valid. It is true that petitioner was released on parole . . . on the

three counts, but in so doing, the Board, for lack of sufficient information, through error or inadvertence of some entity or institution, granted him the benefits of said parole in one of the causes in which the sentence was not yet affirmed on the date of the order adopted by the Board. Under said conditions the agreement lacked legal validity, since, as we have previously stated, the sentence was not affirmed and in strict law defendant was not serving it, no matter whether he was serving sentences for other offenses in which perhaps, the agreement of the Board granting the parole might be lawful."

■ The law creating the Parole Board and the law establishing a probation system in the courts of justice of Puerto Rico are germane, as to the purposes pursued. Both establish measures to attain the rehabilitation of the delinquent. The one creating the Board is interrelated, in turn, with the law of indeterminate sentences.

The Board is authorized to order the parole of any person confined in any penal institution in Puerto Rico when the attendant circumstances justify the Board in believing with reasonable certainty that such measure will achieve the moral and economic rehabilitation of the delinquent. Two different legal provisions point out (1) the time the Board assumes jurisdiction over the convict and (2) the time when it may order the parole. The Law of Indeterminate Sentences provides that after a person has served the minimum term fixed by the trial court for the offense committed, he shall remain under the jurisdiction of the Board. In the case of persons sentenced to serve more than one indeterminate sentence—concurrent or consecutive—the Board shall acquire jurisdiction when such person has served a prison term equal to the longest minimum term. And that as to the time when the Board may grant a conditional parole once it has acquired jurisdiction the Law of Indeterminate Sentences

provides it shall not be until it has a reasonable assurance that the favorable rehabilitation aimed at has begun within the delinquent.[1]

The law creating the Parole Board does not provide, it being unnecessary, the time when the Board assumes jurisdiction over a convict, but as to the time when it may grant parole it repeats, in different words, the provisions of the Law of Indeterminate Sentences. Thus we see, that the law creating the Board provides: "Parole shall be ordered only in the best interest of society and when attendant circumstances justify the Board in believing with reasonable certainty that such measure will achieve the moral and economic rehabilitation of the delinquent . . . ." "No prisoner may be released on parole who has not been confined for such term as, in the judgment of the board, may be necessary in order to start in him the favorable moral change which is indispensable for the attainment of his full moral rehabilitation through his conditional release . . . ."[2]

---

[1] Section 1025 of Title 34 of the Laws of Puerto Rico Annotated, Supplement 1964 provides:

"§ 1025.  Release under jurisdiction of Conditional Release Board after serving minimum term

"After the person has served the minimum term fixed by the trial court of the offense committed, he shall remain under the jurisdiction of the Parole Board, which may grant a conditional parole when there is reasonable assurance that the favorable rehabilitation aimed at has begun within him; and once he is free on parole he shall remain under its jurisdiction and supervision until the expiration of the total of the sentence or sentences imposed on him by reason of the offense or offenses, committed.

"In the case of persons sentenced to more than one indeterminate sentence, whether such sentences are to be served concurrently or consecutively, the Parole Board shall acquire jurisdiction when such persons have served a prison term equal to the longest minimum. In cases of persons sentenced to life imprisonment, the Parole Board shall acquire jurisdiction when they have served 12 calendar years of imprisonment."

[2] Section 606 of Title 4 of the Laws of Puerto Rico Annotated, Supplement 1964 provides:

"§ 606.  Requirements and procedure for parole

"The board is hereby authorized to order the parole of any person confined in any penal institution of Puerto Rico, according to the provisions

■ There is nothing in the law precluding the Parole Board from assuming jurisdiction over a convict, once he has served the longest minimum term of confinement, for the mere fact that he exercised his right to appeal and the appeal is pending decision. Although we have not, as yet considered the specific point decided by the Superior Court in this case, we had the opportunity to examine a similar question in *People* v. *Vélez*, 76 P.R.R. 135 (1954), although construing the law on suspended sentences and probation. In said case we rejected the contention of the prosecuting attor-

---

of sections 601 to 617 of this title.

"Parole shall be ordered only in the best interest of society and when attendant circumstances justify the board in believing with reasonable certainty that such measure will achieve the moral and economic rehabilitation of the delinquent, it being indispensable for the board, upon deciding on the merits of each case, to have before it a detailed report showing the circumstances in which the offense was committed, the family background and social history, as well as the penal record, if any, of the prisoner, and his conduct, occupation and attitude during the period of confinement, including the recommendations made of him by the head of the penal establishment where he is confined.

"No prisoner may be released on parole who has not been confined for such term as, in the judgment of the board, may be necessary in order to start in him the favorable change which is indispensable for the attainment of his full rehabilitation through his conditional release, under the constructive supervision of the board, and the latter is fully convinced that said prisoner is fit and ready to fulfill the obligations of a law-abiding citizen.

"Before being released on parole, the prisoner should be informed of all the details of his case and the conditions under which he is paroled, which conditions he shall accept in writing.

"The parole order shall be signed in quadruplicate by the members who participated in the consideration of the particular case; the original shall be delivered to the prisoner, one copy shall be kept for the files of the board, another shall be attached to the record of the prisoner in the institution, and the other shall be forwarded to the trial court.

"Every parolee shall remain under the legal custody and subject to the intervention of the board, as hereinafter provided.

"The board may adopt such rules and regulations, not in conflict with the provisions of sections 601–617 of this title, as it may deem proper, in connection with the eligibility of prisoners for release on parole, as well as for the control of their behavior during the period in which they shall be subject to the supervision of the board."

ney to the effect "that since the defendant had taken an appeal, the effects of the sentences were suspended and, therefor, the probation terms were also suspended." On the contrary, we decided that the privilege of probation ordered in a suspended sentence may not be reversed for the sole reason that an appeal has been taken from the judgment of conviction and likewise, that when a convict accepts probation, he is not thereby waiving his right to appeal.[3] Pursuant to the law creating the Board every parolee shall remain under the legal custody and subject to the direct intervention of the Board. 4 L.P.R.A. § 606; *Emanuelli* v. *District Court*, 74 P.R.R. 506 (1953). The situation of a convict who has received the benefits of a suspended sentence is not different, except that in the latter case the person on probation remains under the custody of the court although subject to the supervision of the Conditional Release Board. 34 L.P.R.A. § 1027, Cum. Supp. 1964 and 34 L.P.R.A. § 1028.

■   The purpose of both laws being identical, their correlative provisions must be construed similarly. 67 C.J.S., § 18 at p. 600.

■   While being on parole appellant herein was, in fact, serving the three sentences outside the prison wall under the custody of the Board although one of said sentences was pending on appeal. Parole, as well as probation, is concerned with rehabilitation of the convicts and not with the determi-

---

[3] We agree with the Solicitor General in that "in Puerto Rico the doctrine followed by some jurisdictions to the effect that the acceptance of a suspended sentence or parole makes the appeal academic, has been rejected. 117 A.L.R. 929, *Williams* v. *State*, 87 P.2d 344 (Okla.); *People* v. *Collis*, 101 N.E.2d 739 (Ill.); *People* v. *Pyros*, 35 N.W.2d 281 (Mass.). But the Federal Rule and that of other states is that the acceptance does not preclude the right to appeal. *Berman* v. *United States*, 302 U.S. 211, 82 L.Ed. 204; *Korematsu* v. *United States*, 319 U.S. 432, 87 L.Ed. 1499; *Arbuckle* v. *United States*, 146 F.2d 657; *Dorsett* v. *State*, 287 S.W.2d 655 (Tex.); *State* v. *Witte*, 100 A.2d 754 (N.J.); *State* v. *Carpenter*, 176 P.2d 919 (Idaho); *Ex parte Mullen*, 79 A.2d 173 (Me.)." (Solicitor General's Report at p. 9.)

nation of guilt. *Berman* v. *United States*, 302 U.S. 211, 82 L.Ed. 204. As the prisoner had served the longest minimum term of the three sentences—34 L.P.R.A. § 1025—[4] the Board had acquired jurisdiction to order the parole. In the case of *Jones* v. *Cunningham*, 9 L.Ed.2d 285, cited by the Solicitor General, it was decided that the fact that a person is on parole does not preclude him from instituting a petition for habeas corpus to challenge his conviction since he is under the custody and subject to any suspension of the privilege.

The trial court erred in deciding that the action of the Board was void for lack of jurisdiction.

The judgment appealed from will be reversed and the excarceration of appellant ordered, and he will continue to serve the three sentences under the custody and conditions imposed by the Parole Board.

---

[4] "The purpose of said measure is to grant the Parole Board authority to entertain in the cases of persons sentenced to serve sentences for several offenses, once said persons have served the longest minimum term. Under the present law, if a person is sentenced to serve several consecutive sentences it is necessary to wait until each and every one of the minimum terms corresponding to said sentences have been served in order that the Parole Board may acquire jurisdiction in the case." (Solicitor General's Report at p. 10.) (House Judiciary Committee Report; *Diario de Sesiones* 1785 (1961).)