401 P.2d 548

The STATE of Idaho, Plaintiff-Appellant,

v.

Linda M. SNYDER, Defendant-Respondent.

No. 9464.

Supreme Court of Idaho.

April 23, 1965.

Allan G. Shepard, Atty. Gen., and Richard E. Weston, Asst. Atty. Gen., Boise, James J. May, Pros. Atty., William J. Langley, City Atty., Twin Falls, for appellant.

**480**

Kramer, Walker, Pope & Plankey, Twin Falls, for respondent.

SMITH, Justice.

Appellant has appealed from an order of the district court granting respondent's motion to set aside her plea of guilty entered in the police court of Twin Falls, Idaho, to the offense of reckless driving. Such order adjudges the judgment of the police court to be void and requires said court to tender back to respondent a fine of $50.00 imposed and by her paid, and to proceed as if no plea of guilty and judgment had been entered.

On August 7, 1963, respondent was charged with the misdemeanor of driving a motor vehicle in a reckless manner by a complaint filed in the police court of the City of Twin Falls, Idaho. The same day, upon being brought before the court for arraignment, she pleaded guilty to the charge. The court thereupon entered judgment ordering respondent to pay a fine of $50.00 and costs, and further ordering that her driver's license be forwarded to the Department of Law Enforcement of the State of Idaho, together with a report of her conviction of the offense, with the recommendation that the license be suspended for a period of thirty days. Respondent paid the fine and costs.

On August 15, 1963, respondent, through her attorneys, filed in the police court her notice of appeal to the district court from such judgment. August 16, 1963, she filed in the police court a motion to withdraw her plea of guilty, with leave to enter in its stead a plea of not guilty to the charge.

On November 8, 1963, the attorney for the City of Twin Falls filed in the district court a motion to dismiss the appeal on grounds that respondent on August 7, 1963, had appeared before the police court, entered her plea of guilty to the charge of driving a motor vehicle in a reckless man-

ner, and had paid the fine and costs imposed by the court. On December 5, 1963, respondent, through her attorneys, in opposition to the motion to dismiss, filed in the district court an affidavit asserting "that the constitutional rights of the defendant [respondent] were violated in obtaining a plea of guilty and securing the payment of the fine in the lower court * * * [and] that the defendant should be afforded her constitutional rights of a fair trial and that the determination of her rights should not be made upon a Motion to Dismiss."

The district court upon hearing the matter entered an order denying appellant's motion to dismiss the appeal, granting respondent's motion to withdraw her plea of guilty, and remanded the case to the City of Twin Falls Police Court with instructions:

(1) That the judgment against respondent be declared void.

(2) That the police court allow respondent to withdraw her plea of guilty and proceed in the action as if judgment and plea of guilty had not been entered, and

(3) That the police court tender to respondent the fine earlier imposed upon her.

Appellant thereupon appealed.

Appellant by its assignments urges error committed by the district court in entering the order aforesaid; it seeks to apply the rule, that when a defendant in a criminal case satisfies a judgment against him by voluntary payment of the fine imposed, he waives his right to appeal. Appellant relies upon State v. Pefley, 80 Idaho 525, 335 P.2d 340 (1959), in support of its argument that respondent waived her right to appeal to the district court by pleading guilty to the charged offense and voluntarily paying the fine imposed.

In the Pefley case, defendant was arrested and taken before a justice court on a charge of driving while under the influence of intoxicating liquor. Defendant pleaded guilty to the charge and was sentenced to serve thirty days in jail and fined $200. The jail sentence was suspended and the fine was immediately paid, whereupon defendant was released. Subsequently an order was made by the Department of Law Enforcement revoking defendant's driver's license for a period of one year under the provision of I.C. § 49–1102.

Defendant Pefley then appealed from the judgment of conviction to the district court. The State moved to dismiss the appeal on the ground that the defendant had voluntarily satisfied the judgment, the motion being accompanied by an affidavit of the justice of the peace as to the proceedings in the justice's court. Defendant filed a counter-affidavit alleging that he was persuaded by misadvice of the justice of the peace to plead guilty to the charge, which allegation was denied by a second affidavit

of the justice of the peace. The district court upon hearing the cause entered a judgment dismissing the appeal. Defendant Pefley then appealed to the Supreme Court. This Court succinctly stated its ruling against Pefley in language as follows:

"While there are cases to the contrary, according to the great weight of authority, where a defendant in a criminal case satisfies in full the judgment against him by voluntarily paying the fine imposed upon him, he waives his right to appeal. [Citations.]" 80 Idaho at 527, 335 P.2d at 341.

In State v. Dawn, 41 Idaho 199, 239 P. 279 (1925), a defendant. upon his plea of guilty entered in an inferior court, was adjudged guilty of a misdemeanor and sentenced to pay a fine and suffer imprisonment. This Court recognized the right of the defendant to appeal to the district court from the judgment of conviction, I.C. § 19-3937, but pointed out that a plea of guilty, unless the plead is permitted to be withdrawn, waives any defect not jurisdictional; said the Court:

"The defendant may not, upon such appeal, have the facts reviewed, unless he has been permitted to withdraw such plea, for the reason that the plea of guilty, generally speaking, is a record of admission of whatever is well charged in the complaint and waives any defect not jurisdictional." 41 Idaho at 202, 239 P. at 279.

In the case at bar, however, respondent had satisfied the police court judgment entered upon her plea of guilty, prior to the time she perfected her appeal. She had not as yet filed a motion to withdraw her plea of guilty.

After the satisfaction of a judgment in a criminal case there is nothing on which a judgment of the appellate court can act effectively because there is nothing from which to appeal, and further proceedings are moot. State v. Pefley, supra; State v. Cohen, 45 Nev. 266, 201 P. 1027, 18 A.L.R. 864 (1921); People v. Pyrross, 323 Mich. 329, 35 N.W.2d 281 (1948).

Appellant's assignment of error is meritorious. The entry of the order of the district court constituted error.

The holding of this Court in the premises renders it unnecessary to rule upon the further issues raised by appellant, i.e., whether the district court erred in failing to try the cause de novo upon appeal from the police court.

Respondent asserts that although she satisfied the judgment against her in the criminal cause in the police court, she did not waive her rights of appeal on collateral issues. She relied upon the affidavit of her attorney to the effect that her constitutional rights were violated "in obtain-

ing a plea of guilty, securing payment of the fine". The affidavit does not contain any allegation of fact upon which to base the affiant's conclusions that respondent's rights were violated. While respondent urges that appellant "did not see fit to produce evidence denying the allegation," inspection of the affidavit discloses that it contains no factual allegation to controvert, or anything other than a mere conclusion of the affiant. The rule is stated in 2 C.J.S. Affidavits § 16 b. (1), as follows:

"* * * The averment of facts in an affidavit to be used in judicial proceedings must be sufficiently definite to warrant the judicial action sought, and such facts must be stated as warrant the court in drawing the legal conclusions sought to be established. Averments which merely state opinions or legal conclusions or characterizations, speculations, and inferences, instead of facts are insufficient."

See also Craig v. Lane, 60 Idaho 178, 89 P. 2d 1008 (1939); State ex rel. Helena Adjustment Co. v. District Court, 92 Mont. 587, 19 P.2d 226 (1933); People v. Thompson, 5 Cal.App.2d 655, 43 P.2d 600 (1935); Petri Cleaners, Inc. v. Automotive Employees, etc., 53 Cal.2d 455, 2 Cal.Rptr. 470, 349 P.2d 76 (1960).

Respondent in asserting her right to withdraw her plea of guilty urges the rule that permission to withdraw such a plea rests in the liberal exercise of the trial court's discretion, citing State v. Raponi, 32 Idaho 368, 182 P. 855 (1919), and State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950). Herein the district court in ordering withdrawal of respondent's plea of guilty acted as an appellate court, the case not having been heard de novo, I.C. § 50–121; I.C. Tit. 19, ch. 39 and particularly I.C. § 19–3937. Moreover the motion to withdraw the plea of guilty made by respondent's attorneys contains the mere conclusion couched in hearsay that respondent "did not understand the consequences of her act when she entered said plea of guilty". The motion is unsupported by any factual showing by respondent's affidavit or otherwise, and the record on appeal before the district court does not support the conclusion contained in the motion. We therefore conclude that the district court committed error in setting aside the plea.

The order or judgment of the district court is reversed with instruction to reinstate the judgment of the police court.

No costs allowed.

McFADDEN, TAYLOR and KNUDSON, JJ., concur.

McQUADE, Chief Justice (dissenting).

Attention is invited to the increasing number of states which are adopting the view contrary to the majority opinion. It

appears that the states are numerically divided almost equally on the question as to whether a defendant may be permitted to appeal from a judgment after payment of a fine.

In Illinois it was said:

"Examination of authorities, many of which are cited in the recent case of Village of Avon v. Popa, 96 Ohio App. 147, 121 N.E.2d 254, also discloses conflicting results in other jurisdictions, with the majority view being that the right to review is waived where a fine is voluntarily paid. It is our conclusion, however, that the contrary view is the more just and reasonable, such a conclusion being supported in principle by the statement of Mr. Justice Holmes in Commonwealth v. Fleckner, 167 Mass. 13, 44 N.E. 1053, wherein he said: 'We should be slow to suppose that the legislature meant to take away the right to undo the disgrace and the legal discredit of a conviction * * * merely because a wrongly convicted person has paid his fine or served his term.'" People v. Shambley, 4 Ill.2d 38, 122 N.E.2d 172 (1954).

State v. Superior Court of Maricopa County, 93 Ariz. 351, 380 P.2d 1009 (1963), considered the same question and rationalized:

"We now consider the other question raised by petitioner in the original proceedings. This is, whether a defendant who has been convicted in a municipal court and has satisfied the sentence imposed upon him may thereafter appeal to the superior court and receive a trial *de novo*. Although there is authority to the contrary, we believe that the better reasoning would allow an appeal in such a case. Town of White Sulphur Springs v. Voise, 136 Mont. 1, 343 P.2d 855 (1959); Burns v. People, 9 Ill.2d 477, 138 N.E.2d 525 (1956); State ex rel. Lopez v. Killigrew, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631 (1931); Jones v. State, 214 Md. 525, 136 A.2d 252 (1957).

\* \* \* \* \* \*

"Petitioner contends that satisfaction of sentence renders the question moot and constitutes a waiver of the right of appeal. However, the law recognizes and protects an individual's interest in his reputation and it would be absurdly inconsistent to dismiss as moot a proceeding initiated to clear one's name of the stigma and infamy of an allegedly erroneous conviction on a criminal charge. \* \* \*"

The language in Jackson v. People, 151 Colo. 171, 376 P.2d 991 at page 995 (1962), is particularly pointed on the question:

"We no longer subscribe to the foregoing language or language of similar

import in other cases, and expressly disavow the same. We find nothing in 49 C.J.S. [Judgments § 577, p.] 1058, cited as authority for the foregoing conclusions, which deals in any manner with the question of appeals.

"We do not find the law 'well settled' that one who has paid a judgment has lost his right to appeal. On the contrary, we find the 'better rule' is stated in 4 C.J.S. Appeal and Error § 214, page 638:

> " 'According to other decisions, however, it is held to be the better rule that even a voluntary compliance with the judgment, order, or decree of the court by payment or performance, either before or after taking the appeal, is not necessarily a bar to an appeal or writ of error for its reversal, particularly where repayment or restitution may be enforced, or the effect of compliance may be otherwise undone, in case of a reversal, and where a statute permits an appeal without obtaining a stay. * * * It has further been held that it is immaterial whether or not the money paid can be recovered back, since the erroneous judgment is itself an injury from which the law will presume damages.' "

See also People v. Chamness, 109 Cal.App. Supp. 778, 288 P. 20 (1930).