**Hazel D. OATTS, Appellant,**

v.

**CITY OF HOPKINSVILLE, Kentucky, et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

W. E. Rogers, Jr., W. E. Rogers, III, Hopkinsville, for appellant.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, James P. Hanratty, Commonwealth's Atty., J. Thomas Soyars, County Atty., Samuel A. Fletcher, City Pros., Hopkinsville, for appellees.

CLAY, Commissioner.

Appellant was convicted in the Hopkinsville Police Court on a misdemeanor charge of driving an automobile while intoxicated, and was fined $100. On the same day he paid the fine and costs. Thereafter he timely perfected an appeal to the Christian Circuit Court. The appeal was dismissed on the ground that appellant, by satisfying the judgment, had waived or otherwise lost his right of appeal. The correctness of this ruling is the question before us.

Prior to 1962 section 369 of the Criminal Code was controlling on this question. It specifically provided that no appeal could be taken from a judgment of a police court after it had been satisfied. That section of the Criminal Code, along with others, was repealed by the 1962 Legislature, and its provisions were not incorporated in a new statute or in our new Rules of Criminal Procedure. (This may have resulted from inadvertence.) It is appellant's argument that the General Assembly has exclusive power to fix the right of appeal, and, in the absence of some statutory provision to the contrary, the defendant satisfying a judgment of conviction does not lose the right he originally had under KRS 23.032.

We are unwilling at this time to accept the argument that the matter is exclusively one of legislative cognizance. Other jurisdictions (apparently in the absence of a statutory provision) have taken the view that satisfaction of such a judgment bars an appeal on the grounds that there remains nothing on which the appellate court could act effectively, or the defendant would be unable to recover the fine paid, or the matter had become moot, or the voluntary payment constituted a waiver of the right to appeal. See State v. Pefley, 80 Idaho 525, 335 P.2d 340. Some texts state that this is the majority rule. See 24 C.J.S. Criminal Law § 1668; 18 A.L.R. 867; 74 A.L.R. 638. There is, however, ample authority for a different view. See cases cited in the texts above referred to.

We are not inclined to follow those cases that hold the defendant has *waived* his right of appeal. Waiver, of course, involves an intentional relinquishment of a right, and we cannot infer such intent when the defendant has exhibited the opposite inclination by taking and perfecting an appeal. See People v. Chamness, 109 Cal.App.Supp.

778, 288 P. 20. Obviously the fine was paid by defendant to preserve his liberty, and it is unrealistic to interpret such act as an intentional relinquishment of the right of appeal. See State v. Steel, Ohio App., 199 N.E.2d 24.

In the absence of a waiver, we do not find sufficient other reasons to justify denial of the right of appeal. In *civil* cases we have held that satisfaction of an adverse judgment does not impair such right. Moss v. Smith, Ky., 361 S.W.2d 511. In the interest of consistency, and in the absence of a statute or criminal rule foreclosing his right, it is our opinion that the satisfaction of a police court judgment does not affect the defendant's right of appeal. The circuit court erred in entering the order of dismissal.

The judgment is reversed.