670 P.2d 904

Jerry Lee RUSSELL, Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 14242.

Court of Appeals of Idaho.

Oct. 4, 1983.

to providing his father with $60.00 per week toward room and board, plus paying other bills.

Stanley G. Cole, Rupert, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

TOWLES, Judge Pro Tem.

Jerry Lee Russell entered a plea of guilty to arson in the second degree, a felony under I.C. § 18–802. He was sentenced to the custody of the Board of Corrections for a term not to exceed ten years. Later, in a separate action, Russell filed a petition for post-conviction relief, asking that the judgment of conviction be set aside, that he be allowed to withdraw his guilty plea and enter a new plea. Russell's petition was denied, after a hearing, and he brings this appeal.

The issue before us is whether the district judge handling the post-conviction relief proceeding erred by refusing to set aside the judgment of conviction and to allow the entry of a new plea. We affirm the order denying post-conviction relief.

The events in this case were set in motion by a fire at the Minidoka Merc Department Store. During the fire, Russell told a police officer that he (Russell) had set the blaze. Russell was thereupon arrested and warned of his *Miranda* rights. He participated in a video taped interview at the police station in which he made inculpatory statements. Russell was charged with second degree arson, waived his preliminary hearing, and entered a plea of guilty in district court. At his sentencing hearing, the court imposed an indeterminate term of ten years in the custody of the Board of Correction. All of this occurred while Russell was on parole from another arson conviction in California.

This petition followed. Substitute counsel was appointed and an evidentiary hearing was held. Russell testified that before arraignment on the arson charge, his counsel advised him that a plea bargain had been struck with the state and that the prosecutor would recommend a sentence of five years in custody, in exchange for a plea of guilty. Russell further testified that he requested the bargain to be reduced to writing, his counsel replying that this was not done in Idaho but that "the court always went along with the state's recommendation." Leon Bartholomew, an inmate of the Idaho State Correctional Institution, and a former cellmate of Russell in the Minidoka County Jail, gave similar testimony concerning the content of the conversation.

Russell also testified that counsel had told him to answer the judge's questions in open court the "right" way or his plea would not be accepted. Russell stated that he believed the court proceedings were merely formalities; that he expected to be sentenced to not more than five years; and

that, otherwise, he would not have pled guilty.

The attorney who represented Russell at that time also testified at the post-conviction hearing. While unable to remember the exact language of the conversation, he categorically denied telling Russell that "the court always went along with the state's recommendation," or words to that effect. Counsel also indicated that an additional condition of the plea bargain was that no habitual offender charge would be filed against Russell, even though this arson charge could result in Russell's third felony conviction. See I.C. § 19–2514. The record of the post-conviction proceedings contains a "Disclosure Statement" in which Russell's counsel represented in writing to the district judge that he had explained the contents of the "Disclosure Statement" to his client and had advised the client of the maximum penalty which could be imposed in this case. Before arraignment, Russell also signed the "Disclosure Statement"— more fully entitled "ACKNOWLEDGEMENT OF DISCLOSURE OF DEFENDANT'S RIGHTS IN COURT AT OR BEFORE ENTRY OF PLEA." In addition to a detailed explanation of the meaning and import of pleading guilty or not guilty, the "Disclosure Statement" contained the following paragraph:

If you desire to plead guilty to this charge, you must do so freely, understandingly, and voluntarily, without any undue pressures and without any promises of leniency. No person can make any promise to you regarding what will be done in your case. If the court finds that any pressures have been applied to you or that any promises have been made to you as to what the court will do in your case, then the court will very likely refuse to accept your plea of guilty and accept only a plea of not guilty so that you will have a jury trial.

The record further discloses that the district judge, at both the arraignment and pre-sentence hearings, fully advised Russell of his right to plead not guilty, of the protections he would enjoy in that event,

and of the consequences of a plea of guilty. These admonitions were given in conformity with I.C.R. 11(c) and with the requirements of State v. Colyer, 98 Idaho 32, 557 P.2d 626 (1976), and its progeny. Indeed Russell does not contend that the court failed in any respect to fully advise him of these rights. Russell's responses during colloquies with the district judge fully support the court's finding that Russell's guilty plea was freely and voluntarily entered.

In light of Russell's contentions regarding statements allegedly made by his counsel, the following colloquy is pertinent:

THE COURT: Have any promises been made to you to cause you to want to plead guilty.

MR. RUSSELL: No. I made up my mind.

.    .    .    .    .

THE COURT: Has anyone promised you I would be easy on you?

MR. RUSSELL: No.

.    .    .    .    .

THE COURT: Do you know of anyone who can make any promise for me as to how I will dispose of your case?

MR. RUSSELL: No.

THE COURT: And do you understand that right now I do not know how to dispose of your case, and that I will not know until I have a full and complete understanding of you, your background, and of this case?

MR. RUSSELL: Yes.

The court which heard the post-conviction relief petition failed to make a specific finding on the disputed issue of whether counsel did, in fact, advise Russell as contended. Accordingly, in the disposition of this appeal, we will presume the truth of Russell's testimony. Consequently, the decisive question is whether a defendant in a criminal case must be allowed to withdraw his plea of guilty where counsel presumably misinformed him concerning the effect of a prosecutor's sentencing recommendation, but the court fully advised him of the consequences of the plea of guilty, and the

record shows a clear factual basis for the plea.

■ The standard applicable to withdrawal of a plea of guilty after a judgment differs from that applicable before judgment. I.C.R. 33(c) provides:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but *to correct manifest injustice* the court *after* sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea. [Emphasis added.]

In *State v. Jackson,* 96 Idaho 584, 587, 532 P.2d 926, 929 (1975), our Supreme Court observed:

This court has considered several cases pertaining to the withdrawal of pleas of guilty. In *State v. Raponi,* 32 Idaho 368, 182 P. 855 (1919), this court considered a motion for withdrawal of a plea of guilty in light of the provisions of C.L. 7757 (I.C. § 19–1714) and held in effect that the withdrawal of a plea of guilty is a discretionary matter with the trial court and that the discretion should be liberally exercised—only as to the question of whether the trial court has exercised judicial discretion as distinguished from arbitrary action. Subsequent cases which have reiterated such standard are: *State v. Martinez,* 89 Idaho 129, 403 P.2d 597 (1965); *State v. Thurlow,* 85 Idaho 96, 375 P.2d 996 (1962); *State v. Lawrence,* 70 Idaho 422, 220 P.2d 380 (1950). This court has also held that on appeal, refusal of permission to withdraw a plea of guilty can be reviewed only as to the question of whether the trial court has exercised judicial discretion as distinguished from arbitrary action. *State v. Raponi, supra.*

In *Jackson,* the court further pointed out that Rule 32(d) of the Federal Rules of Criminal Procedure and I.C.R. 32(d) (now I.C.R. 33(c)) are almost identical. Our Supreme Court quoted with approval from *Kadwell v. United States,* 315 F.2d 667 (9th Cir.1963). In *Kadwell,* the federal court said:

Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave "should be freely allowed." [Citations omitted.] On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of "manifest injustice." This distinction rests upon practical considerations important to the proper administration of justice. [Footnote omitted.] Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. [Footnote omitted.] The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process. [Emphasis original.]

315 F.2d at 670.

■ In this case we have an open admission of guilt and a factual basis for the plea. The record shows that the district court followed the requirements of constitutional due process in accepting the plea. The presumed misadvice of counsel occurred before the arraignment and sentence hearings. At those hearings Russell was interrogated, precisely and at length, by the court as to any alleged promises made to Russell by anyone. He was informed that the plea bargain was only a recommendation and that the judge would not know the disposition of the case until the presentence report was received. The record further discloses that Russell was no novice in court, having had repeated contacts with the criminal justice system. In view of all these factors, it is evident that Russell's plea of guilty was freely, understandingly, and voluntarily entered. In our view, no "manifest injustice" resulted from acceptance of the plea. Neither does the ten-year indeterminate sentence in this case indicate "manifest injustice." The sentence was

within the statutory maximum authorized by law and, in view of Russell's prior record, was not excessive.

We conclude that the district court did not abuse its discretion by refusing to allow Russell to withdraw his plea of guilty, as requested in the post-conviction proceedings. The order denying the petition for post-conviction relief is affirmed.

SWANSTROM and BURNETT, JJ., concur.