## ADDYSTON (village) v LIDDLE

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4922 & 4923. Decided Dec 16, 1935

Alfred Pfau, Cincinnati, for plaintiff in error.

David L. Shannon, Cincinnati, for defendant in error.

**OPINION**

By MATTHEWS, J.

The entry of reversal does not show the error upon which the court predicated its action, but we are advised by counsel that it was on the ground that, in the view of the Common Pleas Court, the defendant had been denied the right guaranteed by §10 of Art. I of the Constitution—"In any trial, in any court, the party accused shall be allowed to appear and defend in person and by counsel." The substance of this guaranty has been a part of the fundamental law of this state from its beginning. Was it denied to the defendant in this case?

In Crusen v State, 10 Oh St, 258, at 270, the court says:

"It is the undoubted, constitutional right of a party accused to be present with his counsel at every stage of his trial. But the right to the presence of counsel is in the nature of a personal privilege. It may

be waived. It is no part of the business of courts to compel the attendance, or to enforce the vigilance of counsel. It is their right to attend at the trial; and this right is to be in no way obstructed or denied; nor are they to be surprised by any unreasonable or improper action of the court. But the convenience of counsel cannot be allowed to obstruct the reasonable dispatch of business."

We find no subsequent case questioning the soundness of that rule.

We find nothing in the record indicating that the mayor denied or obstructed the defendant. He could have been represented by counsel had he taken the necessary steps to that end. The continuances granted indicate that the mayor recognized that he should give the defendant every reasonable opportunity to appear and defend in person and by counsel. There came a time when he was forced to determine whether that reasonable opportunity had been given in order that public business might be conducted with reasonable dispatch. A reviewing court cannot say that he abused his discretion.

We also find that the payment of the fines without protest and without indicating at the time any intention to seek a review were voluntary payments precluding a review.

The cases on this subject are collected in the annotation to Nevada v Cohen, 18 A. L.R., 864, and State ex v Killigrew, (Ind.), 74 A.L.R. 631. They show that the great weight of the authorities hold that a voluntary payment of the fine is a waiver of the right to secure a review of the conviction.

There are no Ohio cases directly on the point. In **Hogue v State**, 3 C.C. (n.s.) 315, the indictment failed to state an offense and the court held that nothing done thereafter could validate the proceedings and that therefore the payment "would of necessity be involuntary as made under duress to prevent an unlawful imprisonment."

In **Johnson v State**, 4 C.C., 524, the payment was made under protest.

In **Kreimer v State**, 25 C.C. (n.s.) 440, the question was stated, but as the record failed to show that the fine had been paid, no opinion was expressed.

For these reasons, the judgments of the Common Pleas Court are reversed, and the judgments of the mayor's court affirmed.

ROSS, PJ, and HAMILTON, J, concur.