Village of Avon, Appéllee, v. Popa, Appellant.

(No. 1295—Decided November 11, 1953.)

Mr. A. H. West, village solicitor, for appellee.
Mr. Joseph Q. Petro, for appellant.

Doyle, P. J.  Chester Popa was convicted in the Mayor's Court of Avon, Ohio, of violating a penal zoning ordinance.  It was charged by affidavit "that * * * [he] established [a] business enterprise by opening a sand pit and disposed dirt and other substance from his property for profit."  It is asserted that the defendant violated the ordinance through conduct of a business in a residence zone.

An appeal of the judgment of conviction to the Common Pleas Court of Lorain County was dismissed

by that court "upon the grounds that the voluntary payment of the fine waives the right to secure a review." Appeal has been perfected to this court from the judgment of dismissal in the Court of Common Pleas, and we are now asked to review the propriety of the court's ruling in dismissing the appeal.

The Mayor's Court docket shows the following:

January 17, 1953: Affidavit filed in the Mayor's Court setting forth facts claimed to constitute a violation of a municipal penal ordinance. Trial hearing set.

January 26, 1953, and subsequent dates: Indicating a trial in which the testimony of witnesses was received.

February 11, 1953: Defendant found guilty and fined fifty dollars and costs.

February 18, 1953: Motion for a new trial filed; motion for leave to file bill of exceptions filed; notice of appeal and a motion for stay of execution of sentence filed.

February 23, 1953: The defendant paid the fine and costs. The record, at the time of payment, shows no disposition of (1) the motion for a new trial, nor (2) the motion for stay of execution.

March 9, 1953: Motion for a new trial overruled and leave given defendant to file bill of exceptions.

In the transcript of docket and journal entries in the Court of Common Pleas appears the following:

April 9, 1953: Transcript of docket from the court of Mayor James B. Adams of Avon, Ohio, filed; motion for leave to appeal filed; notice of appeal filed; assignment of errors and brief of defendant-appellant filed; defendant's bill of exceptions filed.

April 17, 1953: Brief of appellee filed.

May 14, 1953: Amended transcript filed.

May 15, 1953: Motion of defendant for leave to appeal granted. Exceptions.

April term, 1953: "* * * 5/26/53, Jr. 135, page 200,

to wit: 'This day this cause coming on for hearing on an appeal from the Mayor's Court of the Village of Avon, Ohio, and the Court, in consideration thereof, dismisses the appeal on the defendant's costs, for which judgment is rendered herein, upon the grounds that the voluntary payment of the fine waives the right to secure a review. To which ruling the defendant excepts. No record.''

It appears probable that the Court of Common Pleas, in its judgment of dismissal, adopted the view of the author of ''Appellate Review'' in 2 Ohio Jurisprudence, Revised, and the language of Judge Matthews in *Village of Addyston* v. *Liddle,* 54 Ohio App., 323, 6 N. E. (2d), 877. Section 128 of said ''Appellate Review'' speaks as follows:

''* * *.

''The question has been raised as to whether one who has been sentenced to pay a fine waives his right to review by making such payment. The Ohio authority [*Village of Addyston* v. *Liddle, supra*] indicates that a voluntary payment of a fine is a waiver of the right to secure a review, and that this is in accord with the great weight of authority. * * *''

It cannot be disputed but that the weight of authority in the jurisdictions where the question has arisen, supports the Ohio case noted above, and especially where payments have been voluntarily made. Various reasons are given by the courts, most of which may be found in the cases cited in the annotation ''Payment of fine, serving sentence, or discharge on habeas corpus, as waiver of right to review conviction'' in 18 A. L. R., 867, and 74 A. L. R., 638.

The members of this court, while recognizing the fact that the court which decided *Village of Addyston* v. *Liddle, supra,* followed the general rule, are of the opinion that justice requires, under factual situations of the kind now before us, the law to be otherwise than

that pronounced in the majority of jurisdictions. No statute in this state, in terms, precludes an appeal from a final order of conviction of a criminal offense in which an imposed penalty has been satisfied, whether voluntarily or involuntarily. It is well settled that a trial following the granting of a motion for a new trial, pursuant to conviction, or the reversal of a judgment of conviction by an appellate court and a remand for a new trial, does not conflict with the constitutional rule of double jeopardy. Certainly an erroneous judgment of conviction of a criminal offense against a man is an injury per se, "from which the law will intend he is or will be damnified by its continuing against him unreversed." *Barthelemy* v. *People,* 15 N. Y. Com. L., 348, at p. 350, 2 Hill, 248, at p. 255. Holmes, J., in *Commonwealth* v. *Fleckner,* 167 Mass., 13, 44 N. E., 1053, spoke as follows:

"We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction, * * * merely because a wrongly convicted person has paid his fine or served his term."

We are in complete accord with the Ohio cases which, in effect, hold that, where payment was made under protest, and for the purpose of preventing the foreclosure of a mortgage given to indemnify the clerk against loss from suspending the collection of the fine until after the next term of the appellate court, at which it was mistakenly supposed that the case would be heard and determined on error, the right to maintain an appeal was not cut off through waiver; and that where a judgment of conviction, which is invalid because the indictment, which was wholly insufficient and failed to charge any crime, could be appealed, even though the fine and costs were paid, because such payment would of necessity be involuntary, as made under duress to prevent imprisonment. *John-*

*son* v. *State,* 4 C. C., 524, 2 C. D., 687; *Hogue* v. *State,* 3 C. C. (N. S.), 315, 13 C. D., 567.

While we might base our decision in the instant case on the ground that the fine was involuntarily paid because there had been no suspension of the execution of the sentence, and therefore the defendant was liable to damage, pursuant to the legal processes of collection if he failed to pay, we prefer to base it on another ground—to wit, that there is nothing in the record indicating that the defendant intended to abandon his right to appeal, except possibly an inference arising from the mere fact that he paid his fine and costs. Contradicting an inference of abandonment or waiver from the payment of the fine and costs, stand the facts that, before and after the payment, he meticulously pursued the procedural steps requisite to appeal, which clearly indicate that he intended to proceed into the appellate court and not abandon or waive his right to appeal. Under such circumstances, a court cannot presume a waiver of appeal from the payment of a fine and costs alone, when the actions of the defendant affirmatively show no such intention.

If the actions of a defendant are open to two constructions, a court should not presume a waiver on his part. In the case before us, we think the facts clearly show no intention of the defendant to waive his appeal, nor to abandon his right to further litigate.

In answering a claim that, after the payment of a penalty imposed, the matter becomes moot, we refer to the statement of Holmes, J., set out above. The disgrace and legal discredit remain. It would seem that, in holding the matter moot, we are forgetting the public morals and citizenship aspects of a criminal conviction; that we are placing a criminal case in the same category as a civil case. The claim of moot we believe to be untenable.

The judgment will be reversed, and the cause remanded to the Court of Common Pleas for further consideration.

Judgment reversed and cause remanded.

*Judgment reversed.*

STEVENS and HUNSICKER, JJ., concur.