Cooke, Deceased, Matter of, In re.

Probate Court, Franklin County.

Report of General Referee

No. 205772. January 22, 1963.

312

*Mr. Mark McElroy*, attorney general, *Mr. John K. Lokas*, assistant attorney general, for exceptor.

*Messrs. Alexander, Ebinger, Wenger & Holschuh, Mr. Lloyd E. Fisher, Jr.*, for executor.

To the Honorable Joseph J. Van Heyde, Judge of the Probate Court of Franklin County, Ohio:

Pursuant to a prior order referring the above entitled proceeding to me for hearing and report, I proceeded under the provisions of Section 2315.37, Revised Code, to hear and examine such proceeding and respectfully submit the following report thereon.

## STATEMENT OF FACTS

On February 1, 1950, the Columbus Mutual Life Insurance Company issued its preferred risk ordinary life insurance policy in the sum of $25,000 on the life of Walter Preston Cooke, the insured. The beneficiary of the policy was the estate of the insured and the policy owner was stated to be the insured.

On February 15, 1956, Walter Preston Cooke executed a "Request for Change of Policyowner," by which the Company was requested "that the policyowner thereunder be changed to Virginia R. Cooke, wife, if living, otherwise to the estate of Virginia R. Cooke, wife, who shall have complete ownership and absolute control of the policy during his or her lifetime; insured shall own and control it thereafter unless otherwise directed herein or by policyowner." Pursuant to said "Request for Change of Policyowner," the following endorsement was attached to the policy: "The policyowner hereunder is hereby changed to Virginia R. Cooke, wife of the insured if living, otherwise to the estate of Virginia R. Cooke, wife of the insured."

We deem the following provisions of the life insurance policy to be pertinent to the decision in this case. Under the heading "Rights Under Policy" we find the following:

OWNERSHIP: Subject to the rights of any assignee of record and in the absence of any endorsement to the contrary on this policy, the policyowner as designated on the front page hereof shall be entitled without the consent of any other party to assign or surrender this policy, to amend or modify the same with the consent of the Company, and to exercise, receive and enjoy every right, benefit, privilege and option granted by this policy. The policyowner may transfer ownership and control of this policy to a new policyowner, but such change shall not become effective until endorsed on this policy at the Company's Home Office. If the policyowner is a person other than the insured and predeceases the insured without having duly appointed a successor, the insured shall then become the policyowner hereunder.

BENEFICIARY: The policyowner may from time to time change the beneficiary designation hereunder. Any such change will be subject to the rights of any assignee of record and shall become effective only when endorsed upon this policy at the Company's Home Office; provided however, that the change shall then be deemed to take effect as of the date on which written request was signed, whether the insured is living at the time of endorsement or not, but without prejudice to the company on account of any payment made by it before receipt of any such

request; and provided further that the Company reserves the right in its discretion to give written acknowledgment in lieu of the endorsement. . .

ASSIGNMENT: No assignment of this policy shall be binding upon the Company unless and until it has been filed with the Company at its Home Office. The Company assumes no responsibility as to the validity or sufficiency of any assignments.

On April 24, 1961, Virginia R. Cooke, the then policyowner borrowed the maximum loan value from the Company in the amount of $5,200.06.

On November 21, 1961, Walter Preston Cooke died testate and his estate is presently being administered in this Court. The Columbus Mutual Insurance Company paid the net proceeds of the policy to the Executor, The Huntington National Bank, in the amount of $20,058.29. Virginia R. Cooke filed a claim with the Executor in the amount of $20,058.29 and that claim was allowed by the Executor, on December 7, 1961, as shown on the Schedule of Debts, which was filed on June 4, 1962. No hearing was had on said Schedule of Debts.

On June 13, 1962, the Executor filed its application to determine resident inheritance tax in which it listed as an asset of the estate the payment from the Columbus Mutual Life Insurance Company in the sum of $20,058.29. Also listed as a deduction from said estate was the claim of Mrs. Virginia Cooke in the same amount. The tax was determined and the State of Ohio, Department of Taxation, took exception to the determination on three grounds. First, that the Court erred in allowing the claim of Virginia R. Cooke as a deduction; second, that the Court erred in not assessing inheritance tax on the proceeds of the death claim under said insurance policy in the amount of $20,058.29; and three, other errors apparent on the record. The case was submitted to your Referee on an agreed statement of facts and photostated copies of the insurance policy and the various attachments and endorsements thereto.

## CONCLUSIONS OF LAW

Section 5731.06, Revised Code, provides as follows:

Proceeds of policies of life insurance and not to exceed $2,000 of the proceeds of any employer death benefit plans

payable on the death of the insured or planned participant, other than to his estate, shall not be considered property passing within the meaning of Section 5731.02, Revised Code, whether paid directly to the beneficiary designated or to a Trustee designated to be held and managed by such Trustee. . .

We shall not set out Section 5731.02, Revised Code, in full, but will only state that it provides what successions are taxable under Ohio Inheritance Tax law. From the above quotation from Section 5731.06, Revised Code, it is apparent that proceeds of life insurance policies when payable to the estate of the insured, are taxable. Since by the terms of this policy the proceeds were payable to the estate of Walter Preston Cooke, it was properly included as part of his gross estate for inheritance tax purposes.

We then pass to the question of whether the payment of the claim to Virginia R. Cooke was properly allowed as a deduction and we are immediately faced with the question as to whether or not this Court and the Tax Commission are bound by the determination of the Executor that the claim is allowable. The case of *Tax Commission* v. *Lamprecht, Administrator*, 107 Ohio St., 535, appears to be the leading case on this question and in that opinion it is stated at page 550: "the legislature also intended that every debt, charge, expense, and claim of a valid nature against a decedent's estate should be deducted and the succession tax be computed only upon the net balance." This language in itself would indicate that only valid claims may be deducted and that therefore the Court would have the right to determine, for inheritance tax purposes, the validity of such claims.

We also have reference to Section 2117.11, Revised Code, which says in part, "a claim which has been allowed may be rejected at any time thereafter." Section 2117.16, Revised Code, provides for the filing of a Schedule of Debts, and Section 2117.17, Revised Code, for a hearing on the Schedule of Debts which is optional on the part of the Probate Court and the Executor or Administrator. In this latter Section, it is provided that an order confirming the allowance or classification of the claim shall constitute a final order, and shall be final as to all parties having notice of the hearing. We quote from the last paragraph of said Section:

In the absence of fraud, the allowance and classification of such claims and the subsequent payment thereof in good faith shall not be questioned upon exceptions to the Executor's or Administrator's account. The confirmation of a claim by the Court shall not prejudice the Executor or Administrator from thereafter rejecting such claim on discovery of such error in previous action or on requisition. . .

From all of the foregoing, it would appear obvious that since the Executor itself is not bound by the allowance, this Court is not thereby precluded from inquiring into the validity of this claim as a proper deduction for inheritance tax purposes.

We may assume that had Walter Preston Cooke assigned this life insurance policy to Virginia R. Cooke in such a manner that she not only became the owner thereof, but also the beneficiary, she would have had a valid claim against the Executor for the policy proceeds. *Doyle* v. *Gifford*, 20 Ohio Law Abs., 602. This could have been done orally or in writing not attached to the policy, or by an endorsement to the policy itself. *MacQueen* v. *Bank*, 133 Ohio St., 579, *Gladhill* v. *McCoombs*, 110 Me., 341.

It seems obvious that the requirement of endorsement by the Company does not affect the rights between the parties, but is only made a part of the insurance contract so that the insurance company may have some protection in the payment of the proceeds. Once the Company has satisfied its liability according to the terms of the contract, the ownership of the fund may be litigated between any contending parties. It therefore seems apparent that had Walter Preston Cooke delivered the policy to Virginia R. Cooke together with an oral or written assignment whereby he transferred not only his right to the policy but that of his Executors, Administrators, etc., she would have acquired such a title that would permit her to recover the proceeds from the Executor.

This he did not do. He merely signed a "Request for Change of Policyowner" which by the terms of the policy gave Virginia R. Cooke only the rights of the policyowner under the contract. After she became the policyowner, Virginia R. Cooke could have surrendered the policy, amended the policy with the consent of the Company, transferred it to a new policyowner, changed the beneficiary, or borrowed money on it. The last

right she exercised. She had more than five years to change the beneficiary designation under this policy. She did not exercise this right and we do not see that her position as policy-owner only gave her any right to claim the proceeds of this policy as against the Executor of the decedent's estate.

## RECOMMENDATION

It is the recommendation of your Referee that the first exception to determination of inheritance tax filed by the State of Ohio Department of Taxation be sustained and that the inheritance tax be determined without deduction for the claim of Virginia R. Cooke in the amount of $20,058.29.

Respectfully submitted,
Daniel F. Carmack
General Referee

COOKE, ESTATE OF, IN RE.

No. 205772. May 20, 1963.

Report of General Referee

*Mr. William Saxbe*, attorney general, for exceptor.
*Messrs. Alexander, Ebinger, Wenger & Holschuh, Mr. Lloyd E. Fisher, Jr.*, of counsel, for executor.

To the Honorable Joseph J. Van Heyde, Judge of the Probate Court of Franklin County, Ohio:

Pursuant to a prior order referring the above entitled proceeding to me for hearing and report, I proceeded under the provisions of Section 2315.37, Revised Code, to hear and examine such proceeding and respectfully submit the following report thereon.

## STATEMENT OF FACTS

This matter is before the Referee on Exceptions to Determination of Inheritance Tax filed by the Department of Taxation, State of Ohio. Your Referee had previously prepared a Report, dated January 22, 1963, whereby he recommended that the exceptions be allowed and that certain additional tax be

assessed to Virginia R. Cooke, the surviving spouse. On January 31, 1963, the Huntington National Bank, the Executor of the estate, filed its motion for a new trial. In the motion for a new trial, the Executor alleges two grounds. First, that the Referee erred in the application of the law to the facts found by him and his decision is contrary to law; secondly, that the decision of the Referee is not sustained by the evidence and is against the weight of the evidence.

## CONCLUSIONS OF LAW

The Executor cites various cases and authorities for the proposition that the decedent could have assigned this policy to Virginia Cooke without any written instrument and that the change of policyowner in effect resulted in an absolute assignment of all right, title, and interest to the policy and was the same as a beneficiary designation. With this contention we cannot agree. While admitting that an oral assignment could have been made which would have entitled Mrs. Cooke to the proceeds of the policy, we are, in our opinion, bound by the terms of the policy and the instrument actually executed. Mrs. Cooke, during the lifetime of the decedent, exercised no authority inconsistent with these terms.

We wish to make clear, however, that by disallowing the payment to Virginia Cooke for inheritance tax purposes, we did not intend to in any way interfere with the judgment of the Executor in allowing Mrs. Cooke's claim for estate administration purposes. As far as this Referee is concerned, the claim of Virginia R. Cooke, in the sum of $20,058.29 is a valid claim against the estate and may be paid by the Executor and taken as a credit in its accounts unless, of course, some interested party takes exception thereto and this Court rules on the exception against the Executor.

As to the second branch of the motion, that is, that the decision is not sustained by the evidence and is against the weight of the evidence, the Executor contends that we should grant a new trial to take evidence on the question of the insured's intent in transferring an interest in the policy to Virginia Cooke. We are immediately presented with the proposition that we have written instruments, that is the policy and the request for a change of beneficiary, which are plain on their

face and that any attempt to show an intent other than that expressed therein would violate the parole evidence rule being an attempt to vary the import of a written instrument by parole evidence.

## RECOMMENDATION

Your Referee recommends that the motion for a new trial be denied and that the written Report dated January 22, 1963, and the recommendations therein contained become the Order of the Court.

Respectfully submitted,
Daniel F. Carmack
General Referee