**CITY OF NORTH ROYALTON, Appellee,**

v.

**BAKER, Appellant.**

[Cite as *North Royalton v. Baker* (1989), 65 Ohio App.3d 644.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56792.

Decided Dec. 18, 1989.

*Dennis A. Rademaker*, Director of Law, and *Thomas F. Greve*, Assistant Director of Law, for appellee.

*Peter Onysko*, for appellant.

---

THOMAS J. PARRINO, Judge.

Defendant, Ronald P. Baker, was charged with violating North Royalton Ordinance 961.10, placing a monument on a grave in violation of the size restrictions. On October 26, 1988, the trial court found defendant guilty of violating North Royalton Ordinance 961.10. Defendant voluntarily paid his fine of $50 and court costs on November 15, 1988. Defendant filed a timely notice of appeal assigning four errors.[1] Appellee, city of North Royalton, filed a motion to dismiss defendant's appeal on grounds that it was moot. Defendant filed a brief in opposition to the city's motion to dismiss.

Defendant's deceased wife was buried in the North Royalton cemetery. Prior to her death, defendant's wife had asked defendant to place a statue of the Virgin Mary on her grave. Shortly after her death, defendant placed such a statue on her grave. The superintendent of the cemetery, Ed Swim, informed defendant the statue was in violation of North Royalton Code 961.10, which limits the size of monuments. Defendant's statue measures three feet in height and has a sixteen-by-sixteen-inch concrete foundation with a twenty-four-inch base below the ground. Defendant has been maintaining the statue including weatherizing it by means of plastic and using acrylic spray to protect it.

The defendant made no inquiries of the city before installing the statue. A letter was issued from the North Royalton Law Department to the defendant advising him to remove the statue within thirty days. After the thirty-day period, the city filed the case *sub judice* against defendant. Defendant was found guilty and ordered to pay a fine of $50.

---

1. Defendant's assignments of error follow:

"I. The court erred to appellant's prejudice in overruling the motion to dismiss the case, and erred in overruling the motions for acquittal made at the close of the prosecution's case and at the close of all the evidence. The ordinance in question is constitutionally invalid in that it is void for vagueness and lacks definite ascertainable standards to guide a reasonably intelligent person. There was also constitutionally impermissible discriminatory and selective law enforcement.

"II. The court erred in the admission of certain testimony and evidence and in the rejection of competent evidence.

"III. The finding of guilt was not established by proof beyond a reasonable doubt.

"IV. Enacting criminal penalties for the erection of a statue on a grave in a municipal cemetery is not a permissible exercise of the police power."

In response to appellee's pending motion to dismiss this appeal, defendant contends that he will suffer collateral legal disabilities and therefore this court may not rule in favor of plaintiff's motion to dismiss. There is a civil suit filed by appellee in the Cuyahoga County Court of Common Pleas which has been stayed pending this appeal, seeking a mandatory injunction ordering removal of the statue. Defendant contends he will not be able to contest the issue of constitutionality of the statute, as it will be considered barred by *res judicata*. Therefore, defendant claims his inability to argue this issue constitutes a collateral legal disability.

Defendant also contends that if he were to prevail in this appeal, he would file a civil action, pursuant to Section 1983, Title 42 U.S.Code, for malicious prosecution and a deprivation of defendant's civil rights. However, if the motion to dismiss is granted, defendant will be denied this opportunity and this would be a collateral legal disability.

Finally, defendant contends that he will continue to maintain the statue, exposing him to further prosecution with increased penalties. Defendant claims that further prosecution under an enhanced penalty is also a collateral legal disability. Defendant's arguments are unpersuasive.

"[W]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The burden of presenting evidence that he has such a "substantial stake in the judgment of conviction" is upon the defendant. *Id.* at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights." *State v. Berndt* (1987), 29 Ohio St.3d 3, 4, 29 OBR 173, 174, 504 N.E.2d 712, 713.

The initial issue for this court to determine is the definition of "collateral legal disability." It must be different from a loss of civil rights since this is set out as a alternative consequence to prevent mootness. However, in *Berndt, supra,* at 4, 29 OBR at 174, 504 N.E.2d at 713, the court also stated:

"The only discussion therein that could even arguably be characterized as a claim of collateral disability is appellee's statement that the existence of this conviction will enhance his penalty in the event he is again convicted of the same offense. However, this cannot fairly be described as a collateral disability within the meaning of *Wilson, supra,* since no such disability will exist if appellee remains within the confines of the law."

In *State v. Wilson* (1975), 41 Ohio St.2d 236, 237, 70 O.O.2d 431, 432, 325 N.E.2d 236, 237, the court reviewed a line of cases in which mootness was not proper:

"There have been a number of cases decided in which the serving of a sentence did not render a case moot because the conviction, if allowed to stand, would result in collateral disabilities such as a loss of civil rights. *United States v. Morgan* (1954), 346 U.S. 502 [74 S.Ct. 247, 98 L.Ed. 248]; *Byrnes v. United States* (C.A.9, 1969), 408 F.2d 599; *Carafas v. LaVallee* (1968), 391 U.S. 234 [88 S.Ct. 1556, 20 L.Ed.2d 554] (under state law as a result of conviction defendant could not engage in certain businesses, could not serve as an official of a labor union, could not vote in elections, could not serve as a juror); *Cordle v. Woody* (D.C.Va.1972), 350 F.Supp. 479 (prisoner was eligible for parole on another sentence and misdemeanor conviction might have adverse effect on granting of such parole); *Street v. New York* (1969), 394 U.S. 576 [89 S.Ct. 1354, 22 L.Ed.2d 572], n. 3 (defendant's employer had instituted proceedings which might result in suspending defendant from work without pay if conviction stood); *Fiswick v. United States, supra*, 329 U.S. 211 [67 S.Ct. 224, 91 L.Ed. 196] (conviction of an alien could weaken his defense to a deportation proceeding and subject him to the loss of certain civil rights); *Avon v. Popa* (1953), 96 Ohio App. 147, 150 [54 O.O. 226, 227, 121 N.E.2d 254, 255] (it appeared that the fine and costs were paid involuntarily, as under duress to prevent imprisonment)."

Black's Law Dictionary defined "collateral" as follows:

"By the side; at the side; attached upon the side. Not lineal, but upon a parallel or diverging line. Additional or auxiliary; supplementary, co-operating; accompanying as a secondary fact, or acting as a secondary agent. Related to, complimentary; accompanying as a co-ordinate." Black's Law Dictionary (5 Ed.Rev.1979) 237.

■ It appears that a collateral legal disability implies a separate and distinct consequence from the original criminal prosecution. There must be some other effect, adverse to the defendant, beyond the expected punishment of the offense. It is this additional element that separates a collateral disability from the expected results of a conviction.

■ Turning to the case *sub judice*, the defendant's arguments may be addressed. Defendant claims that his continuing violation of the statute that will result in enhanced penalties is a collateral disability. However, as in *Berndt, supra*, no such disability will exist if defendant remains within the confines of the law. To hold otherwise would result in rewarding defendants who threaten to break the law. If defendant continues to violate the statute,

he will again have his day in court. It should be noted that the offense in the case *sub judice* is a minor misdemeanor, and as such does not expose the defendant to the consequences that a felony conviction would.

Similarly, defendant's claim that he will be unable to successfully litigate a Section 1983 claim is also not a collateral legal disability. This claim could exist in any criminal prosecution. However, it is not a collateral consequence but a direct result of defendant's guilt. Indeed, a case would never be moot if a defendant could simply claim he wanted to file a malicious prosecution suit.

Finally, defendant's claim that he will be forced in a separate civil suit to remove the statue is also not a collateral legal disability. Although he may be forced to remove the statue, this is not an additional punishment. If a statue is erected illegally, the expected consequence is that it will be removed. The fact that it must be removed in a separate civil action is a function of our civil-criminal distinction, not an additional consequence. Surely defendant must have anticipated that if he was found guilty of erecting this statue illegally, the statue would be removed.

As to defendant's claim that his ability to challenge the constitutionality of the statute will be barred by principles of *res judicata*, he is correct.

" 'The doctrine of estoppel by judgment, or *res judicata* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit.' " *Wade v. Cleveland* (1982), 8 Ohio App.3d 176, 177, 8 OBR 236, 237–238, 456 N.E.2d 829, 831. However, this does not prevent the case from being moot. Defendant must still show that the effect of *res judicata* is to subject him to a collateral legal disability. Defendant has not met that burden. Accordingly, this appeal is moot.

Appellee's motion to dismiss this appeal is granted.

*Appeal dismissed.*

NAHRA, P.J., and JOHN F. CORRIGAN, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.