47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ceil Brannen EVANS; Plaintiff-Appellant,
Tiffany Marie Brannen, by her next friend & mother Ceil
Brannen Evans, Plaintiff,
v.
Ronald A. PANIOTO, Judge; Carla Ludwig; Dianna R. Price;
Phyllis G. Bossin; Sallee Watermann; John Daggett;
Stanley Clawar; Brynne Rivlin; Sarah M. Knox, M.D.;
Carolyn Pfleghaar; Summit Country Day School; Edward
Tyrrell; Karen Wedemeyer; Eugene J. Utz, Judge; Raymond
E. Shannon, Judge; Rupert A. Doan, Judge; Harry T.
Klusmeier, Judge; Thomas J. Moyer, Judge; Ronald L.
Solove, Judge; Robert E. Taylor; Jean Stephen Vonder Ahe
Robson; James Edmond Evans; John Does, 1 thru 25,
Defendants-Appellees, (94-3602)
Ronald A. Panioto, Judge; Eugene J. Utz, Judge; Raymond E.
Shannon, Judge; Rupert A. Doan, Judge; Harry T.
Klusmeier, Judge; Ronald L. Solove,
Judge, Defendants-Appellees,
Carla Ludwig, et al., Defendants. (94-3791)
 Nos. 94-3602, 94-3791.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ceil Brannen Evans, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985 and state law. (Case No. 94-3602). Evans also appeals a district court order granting attorney's fees on behalf of some of the defendants. (Case No. 94-3791). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Evans filed a 100 page complaint on behalf of herself and her fourteen year old daughter. Evans sued numerous defendants involved in an extensive domestic relations dispute involving her divorce and custody of her minor child. The defendants included several Ohio state court judges, a prosecuting attorney, her child's father, her child's nanny, Summit Country Day School and its Headmaster, the principal at Summit Middle School, an advisor employed at Walden Counseling, her child's treating therapist, a court reporter, an employee of the Domestic Relations Court, and several John Does. Evans sued the state defendants in both their individual and official capacities. Essentially, Evans alleged that the defendants conspired to deprive her and her daughter of a parent/child relationship by: 1) failing to appoint counsel or a guardian ad litem to represent her child; 2) denying a prompt investigation of allegations of abuse in violation of their rights to due process; 3) denying them meaningful access to the courts; 4) violating state court procedural rules, as well as various state laws and the Ohio Constitution; 5) improperly finding Evans guilty of criminal contempt; and 6) denying Evans custody and/or visitation of her minor child.
 
 
 3
 The district court initially dismissed Evans's claims against the judges and prosecuting attorney. Thereafter, it dismissed the complaint for lack of subject matter jurisdiction and because Evans had not stated a cause of action against the various defendants. Subsequently, the court granted attorney's fees in favor of the judicial defendants. On appeal, Evans reasserts her same claims and argues that the district court improperly granted the defendants' motion for sanctions.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Evans's complaint for lack of subject matter jurisdiction. The district court lacked jurisdiction to review Evans's claims because review of a final judgment by a state court may be obtained only in the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983). A district court may not review a state court judgment, even if the decision appears to be incorrect and even if the claims are asserted within a constitutional context. Id.; In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986).
 
 
 5
 For the most part, Evans's claims are also barred by Ohio's doctrine of res judicata. Where a plaintiff seeks to relitigate in federal court the same claims that had been decided earlier in state court, the claims are to be given the same preclusive effect as they would be given under the law of the state in which the judgment was entered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984). Ohio's doctrine of res judicata provides that a final judgment or decree rendered on the merits by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies; such a judgment acts as a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them. See State ex rel. Schneider v. Board of Educ. of North Olmstead City Sch. Dist., 530 N.E.2d 206, 207 (Ohio 1988) (per curiam); City of North Royalton v. Baker, 584 N.E.2d 1308, 1312 (Ohio App.1989). As stated above, Evans now seeks to relitigate her state court claims, alleging that the defendants conspired to deny her a parent/child relationship with her daughter. Thus, her claims are barred by res judicata.
 
 
 6
 To the extent monetary relief was sought, the district court also properly dismissed Evans's complaint as the defendants are not subject to suit. The state court judges are absolutely immune from liability for actions taken in their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Although Evans alleged that Judge Panioto is not entitled to judicial immunity because he acted in the complete absence of all jurisdiction, see Mireles v. Waco, 112 S.Ct. 286, 288 (1991), Judge Panioto did have jurisdiction to determine various matters concerning the custody of Evans's child. See Ohio Rev.Code Ann. Sec. 2301.03(B)(1) (Anderson 1993). Thus, he was entitled to judicial immunity. See Randles v. Gregart, 965 F.2d 90, 93 (6th Cir.1992) (per curiam). Although defendant Ludwig is a court officer employed by Judge Panioto, and is not the court clerk, she is entitled to immunity as she was acting pursuant to his direct instructions when she did not set a hearing date for Evans's motion to vacate orders. See Joseph v. Patterson, 795 F.2d 549, 560 (6th Cir.1986), cert. denied, 481 U.S. 1023 (1987). The prosecuting attorney is also entitled to absolute immunity as he acted within the scope of his official duties during his representation of defendant Panioto. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-18 (1993). Likewise, the court reporter is entitled to qualified immunity because Evans has not presented any facts that she acted outside the scope of her lawful authority, see Forte v. Sullivan, 935 F.2d 1, 3 n. 5 (1st Cir.1991) (per curiam), or that she violated any of plaintiff's constitutional rights. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Finally, the private citizens are not subject to suit under the civil rights statutes as they are not state actors, see Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982), and Evans's allegations that they conspired with state actors are conclusory and thus insufficient to show state action. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 7
 The district court properly dismissed the claims Evans filed on behalf of her daughter as the record does not reflect that Evans has been admitted to the bar, and because non-custodial parents may not maintain an action as "next friend" of a minor child. See Fed.R.Civ.P. 17(b); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986).
 
 
 8
 Finally, the district court properly granted the judicial defendants' motion for attorney's fees against Evans as her claims against them were frivolous and without foundation. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).
 
 
 9
 Accordingly, we hereby affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.