Although I appreciate and agree with the Majority Opinion's analysis of the law in this case, I am compelled to dissent because appellant Burl Owens paid the $100 fine and otherwise completed his sentence. During oral argument, appellant Owens explained he completed the sentence under duress of jail. However, the record shows only that the $100 fine was paid; by payment of the fine, the sentence was completed before a decision on this appeal could be made. Consequently, I would return the matter to the trial court to determine whether the fine was paid under duress or whether the fine was paid to purge the contempt. I reach this conclusion because ordinarily when a fine is paid, the appeal is moot.[1] This is the case when no stay of execution is sought.
I appreciate that appellant Owens during oral argument stated he paid the fine under duress. The case law recognizes a presumption of duress in cases where a fine has been paid or a sentence completed.[2] The Ohio Supreme Court has adopted this position and concluded that where a defendant voluntarily pays the fine, the appeal is moot.[3] By using the language "voluntarily pays the fine", the Supreme Court of Ohio tacitly recognizes that any involuntary payment of a fine is duress.
I am not ignoring this case law. But I am concerned that we have historically held an appeal is moot where the record shows a completed sentence before the appeal, which is the case here. Therefore, I dissent.
[1] Cleveland v. Somerfield (September 2, 1999, No. 73822, Cuyahoga, unreported; Cleveland v. Bawa (June 13, 1996, No. 69082, unreported;Cleveland v. Eanes (May 31, 2001) No. 78774, unreported; State v.Dakdouk (September 21, 2000, No. 77077, unreported.
[2] Avon v. Popa (1953), 96 Ohio App. 147, 121 N.E.2d 254.
[3] State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236;State v. Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712.