OPINION
{¶ 1} Kevin McCarty is appealing from the decision of the trial court, which after a bench trial, found him guilty of one count of assault. He was sentenced to twenty days incarceration, which was suspended, and a fine of $100.00. On appeal, he raises the following sole assignment of error:
 {¶ 2} "1. The court erred in convicting the appellant of assault since it held that the appellant's hands were a deadly weapon."
 {¶ 3} As the appellee points out in its brief on appeal, however, the appellant's appeal is moot since he did pay his fine and all court costs and did not seek a stay of execution of the sentence. It is well settled that "where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." City v. Elifritz (Feb. 6, 2004), Montgomery App. No. 19603, citing State v. Golston (1994),71 Ohio St.3d 224.
 {¶ 4} In Elifritz, the defendant's term of unsupervised probation expired. But even in the case sub judice where the term of unsupervised probation has not expired but is only conditional upon the defendant not committing any further crimes of violence within the following two years, the appeal is still moot. Statev. Berndt (1987), 29 Ohio St.3d, where the Ohio Supreme Court held that no collateral disability "will exist if appellee remains within the confines of the law." Id. 5. This rule has been recognized as holding that a collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense. City of North Royalston v. Baker (1989),65 Ohio App.3d 644, 584 N.E.2d 1308. And obviously a condition that defendant must "remain within the confines of the law," Berndt,
supra, does not deprive a defendant of any civil rights.
 {¶ 5} The defendant in this case has not offered any evidence that he will suffer some collateral legal disability or loss of civil rights and does not even argue that issue on appeal. Thus, the fact that he has completed his sentence is dispositive of this appeal. The assignment of error is overruled. The judgment is affirmed.
Grady, J. and Donovan, J., concur.