JOURNAL ENTRY AND OPINION
{¶ 1} Donald L. Darling, pro se, appeals from the judgment of the Parma Municipal Court finding him guilty of disorderly conduct in violation of Broadview Heights Codified Ordinance 648.04, a first degree misdemeanor. Darling contends that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. We dismiss because the appeal is moot.
 {¶ 2} The trial court sentenced Darling to 30 days in jail (25 days suspended), a $1000 fine ($500 suspended), and 12 months of community control (five months supervised), subject to violation if Darling was convicted of any other criminal offense during the probationary period. At oral argument, Darling admitted that he had served his time and paid his fine and court costs, and the term of community control was nearly expired. *Page 2 
 {¶ 3} It is well-settled that "where a defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston (1994),71 Ohio St.3d 224, 226. The appeal is moot even where the term of unsupervised probation has not expired but is only conditional upon the defendant not committing any further crimes during the unexpired term, because a condition that a defendant remain within the confines of the law does not deprive a defendant of any civil rights nor impose a collateral legal disability. State v. McCarty, Montgomery App. No. 20581,2005-Ohio-4031, at ¶ 4, citing State v. Berndt (1987), 29 Ohio St.3d 3.
 {¶ 4} Darling offered no evidence that he will suffer some collateral legal disability or loss of civil rights stemming from his conviction. Accordingly, the fact that he has completed his sentence renders his appeal moot.
Dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 3 
 PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR *Page 1