[Cite as *State v. Paxton*, 2020-Ohio-4237.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28583 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-2205 |
| | : | |
| ANGELA PAXTON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2020.

. . . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101 and ANDREW SEXTON, Atty. Reg. No. 0070892, Assistant Prosecuting Attorneys, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, P.O. Box 10124, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Angela Paxton appeals from a misdemeanor domestic violence conviction.   For the reasons that follow, the appeal will be dismissed as moot.

**Facts and Procedural History**

{¶ 2} Paxton and her long-time live-in boyfriend, David, became embroiled in a heated argument during which Paxton threatened to "f***ing kill" David.   David thereafter contacted the Dayton Police Department, and two criminal complaints were issued against Paxton.   One complaint charged Paxton with domestic violence in violation of R.C. 2919.25(C), a fourth-degree misdemeanor, and the second charged Paxton with menacing in violation of R.C. 2903.22, also a fourth-degree misdemeanor.

{¶ 3} Following a bench trial, Paxton was found guilty of each offense.   The trial court merged the offenses at the sentencing hearing, and the State elected to proceed on the domestic violence charge.   The trial court ordered Paxton to serve a 30-day jail sentence, but 29 days were suspended and she was given credit for one day already served.   Paxton was also sentenced to supervised probation, which imposed certain restrictions and required her to complete various probation conditions.   The trial court also imposed a $50 fine and court costs.

{¶ 4} Paxton appealed the domestic violence conviction, but she did not request that the execution of the sentence be stayed.   She has paid the fine and court costs. Paxton's probation has been completed, and the trial court filed an entry discharging Paxton from further probation supervision. The April 2020 entry stated in relevant part as follows:

The court finds [Paxton] [has] completed all the requirements of probation

* * * including the payment of probation fees * * *.   Additionally, [Paxton]

owes a balance of $0 in fines and court costs.

## Analysis

{¶ 5} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.* citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 6} When a defendant convicted of a misdemeanor offense voluntarily satisfies the imposed judgment, an appeal of the conviction is moot unless the judgment was served involuntarily or the "defendant * * * offer[s] evidence from which an inference can be drawn that * * * he will suffer some collateral legal disability or loss of civil rights stemming from [the] conviction." *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). *See also City of Dayton v. Elifritz*, 2d Dist. Montgomery No. 19604, 2004-Ohio-455, ¶ 4. A sentence is not served voluntarily if a stay is requested but denied. *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 23.

{¶ 7} "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4, citing *City of North Royalton v.*

*Baker*, 65 Ohio App.3d 644, 584 N.E.2d 1308 (8th Dist.1989). A collateral disability exists when an offender "may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. A collateral disability "need not have an immediate impact or impairment but may be something that occurs in the future." *Id.* at ¶ 14.

{¶ 8} As noted, Paxton did not request a stay. Thus, as reflected by the trial court's April 2020 entry, Paxton has served the jail sentence and otherwise satisfied the trial court's judgment voluntarily.

{¶ 9} Based upon R.C. 2919.25(D), Paxton does face the possibility that a subsequent domestic violence conviction will be enhanced as a result of the conviction in this case. But, in *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987), the Ohio Supreme Court rejected an argument that the possible enhancement of a future offense is a collateral disability, because "no such disability will exist if [the defendant] remains in the confines of the law." *Id.* at 4-5. *See also State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 12. Otherwise, Paxton does not suggest, and we cannot discern, any collateral disability resulting from the conviction in this case. Since Paxton voluntarily satisfied the trial court's judgment and she does not face a collateral disability, the appeal is moot and must be dismissed.

## Conclusion

{¶ 10} For the stated reasons, Paxton's appeal is dismissed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Stephanie L. Cook
Andrew Sexton
V. Gayle Miller
Hon. Christopher D. Roberts