[Cite as *Cleveland v. Vesta Corp.*, 2023-Ohio-4120.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                  :

    Plaintiff-Appellee,          :

                                     No. 112114

    v.                                    :

VESTA CORPORATION,                  :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 16, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022CRB004465

---

### *Appearances:*

Mark D. Griffin, Cleveland Director of Law, and William H. Armstrong, Jr., Assistant Director of Law, *for appellee*.

Kenneth J. Fisher Co., L.P.A., Kenneth J. Fisher, and Dennis A. Nevar, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Vesta Corporation ("Vesta") appeals from the Cleveland Municipal Court's judgment convicting it of failure to abate a nuisance of refuse, a minor misdemeanor, in violation of Cleveland Codified Ordinances ("C.C.O.") 209.01.

After reviewing the facts of the case and pertinent law, we find that Vesta's appeal is moot.

{¶ 2} On August 12, 2021, the city of Cleveland ("Cleveland") issued a building permit authorizing Vesta to "raze [the] 3 story structure" located on property Vesta owned at 1568 Ansel Road (the "Property"). On March 8, 2022, Cleveland issued a "health code minor misdemeanor citation" to Vesta regarding the Property. This citation alleged that Vesta failed to abate a "nuisance of refuse" in the "back area, garage" of the Property in violation of C.C.O. 209.01.

{¶ 3} On September 8, 2022, Vesta filed a motion to dismiss the citation, arguing that the "nuisance refuse conditions" were incidental to the demolition of the structure, "as the property was inspected while demolition was in the process of being completed," and all materials have since been removed from the Property. Cleveland did not oppose Vesta's motion to dismiss.

{¶ 4} The municipal court held a hearing on the motion to dismiss on September 20, 2022, at which Cleveland reiterated that it did not oppose dismissal because Vesta owned "a lot of property" in the area, this was Vesta's first criminal citation, and Vesta was up to date on all property taxes. The court stated on the record that it was "not taking" Cleveland's "no objection" and that it needed a "proffer statement" from Cleveland before it could rule on the motion to dismiss. The court continued the hearing to the next day, although there is no evidence in the record as to whether this continued hearing was held.

{¶ 5} On September 28, 2022, the court issued a journal entry denying Vesta's motion to dismiss. The case proceeded to trial on October 11, 2022. The court found Vesta guilty of "failure to abate a nuisance" and imposed a $500 fine plus court costs. Vesta paid the fine and court costs in full on October 24, 2022.

{¶ 6} On November 10, 2022, Vesta filed a notice of appeal, and in its appellate brief, Vesta raises two assignments of error.

> I. The Trial Court erred in entering a verdict of guilt against Appellant Vesta Corporation where such verdict was not sustained by sufficient evidence.

> II. The trial court erred in entering a verdict of guilty against Appellant Vesta Corporation where such verdict was against the weight of the evidence.

## I. Law and Analysis

{¶ 7} The Ohio Supreme Court has held that

> where a criminal defendant, convicted of a *misdemeanor*, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.

(Emphasis sic.) *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994).

{¶ 8} On appeal, Vesta argues that it did not voluntarily satisfy its judgment or complete its sentence for two reasons. First, the municipal court advised Vesta that "pending eviction proceedings involving Vesta (as landlord) were being pulled and set aside until the outcome of the instant proceeding had been finalized." Second, the municipal court further advised Vesta that a "time-to-pay fee" may be

added to the court costs and fines imposed if Vesta "need[ed] more than the end of this week" to pay.

{¶ 9} Vesta does not explain what a "time-to-pay fee" is. Furthermore, it does not explain or cite law to support its notion that its voluntary payment was rendered involuntary. Indeed, prior to the court's statements regarding the "time-to-pay fee," Vesta's attorney stated to the court on the record that it would "get [the payment] to you today. * * * I mean, it's going to get paid."

{¶ 10} This court has held that "a defendant does not voluntarily complete his sentence when he has moved for a stay of execution of the sentence, and the stay has been denied by the trial court." *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 12 (8th Dist.). It is undisputed that Vesta did not seek a stay of execution of judgment in the case at hand. Therefore, we reject Vesta's argument that its payment of the fine and courts costs was involuntary.

{¶ 11} On appeal, Vesta further argues as follows regarding "collateral legal disability":

> [A] misdemeanor criminal conviction carries a stigma that seriously affects Vesta's long-established reputation and could result in significant adverse legal consequences relative to current and/or prospective transactions with the U.S. Department of Housing and Urban Development ("HUD") and/or similar entities with whom Vesta has long-standing business relationship to advance affordable housing properties throughout the United States.

{¶ 12} This court has defined "collateral legal disability," regarding the doctrine of mootness, as "a separate and distinct consequence from the original criminal prosecution. There must be some other effect, adverse to the defendant,

beyond the expected punishment of the offense. It is this additional element that separates a collateral disability from the expected results of a conviction." *N. Royalton v. Baker,* 65 Ohio App.3d 644, 648, 584 N.E.2d 1308 (8th Dist.1989).

{¶ 13} Upon review, we find that Vesta's argument regarding collateral legal disability is speculative and vague and Vesta has cited no law to support this argument. In *State v. Smith*, the Second District Court of Appeals rejected the appellant's argument that a possible penalty enhancement was a collateral legal disability under the mootness doctrine, because "such penalty is speculative until such time as the new offense results in a conviction." *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 15. In *State v. Johnson*, the First District Court of Appeals held that a "collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Johnson*, 43 Ohio App.3d 1, 3, 538 N.E.2d 1082 (1st Dist.1988). *See also Cleveland v. Gould*, 8th Dist. Cuyahoga No. 79214, 2002-Ohio-2724, ¶ 7 (rejecting an argument that the defendant's inability to possess a gun is a collateral legal disability because "the fact remains that his argument is entirely speculative").

{¶ 14} In the case at hand, Vesta voluntarily paid the fine and courts costs imposed against it, did not file a motion for stay of execution of judgment, and failed to establish a collateral legal disability as a result of its misdemeanor conviction. Accordingly, we find that under the well-established law of *Golston*, 71 Ohio St.3d

224, 643 N.E.2d 109, the doctrine of mootness bars this court from reviewing Vesta's appeal on the merits.  For these reasons, this appeal is dismissed as moot.

{¶ 15}  Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR